## THE NEW HAVEN TRUST COMPANY, RECEIVER, vs. JOHN B. DOHERTY ET AL.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A director of a corporation, while acting for it, is its agent, and may be personally responsible to the corporation for negligence or misconduct in conducting its affairs. Ordinarily, directors acting in good faith and within the scope of their authority are not liable for a mere mistake of judgment. Their duties and liabilities must depend, however, upon the terms of the agency and the particular circumstances of the case.

The defendants were the principal officers of a life insurance company, actively engaged in the management and investment of its funds, and presumably paid for their services. As such they made a loan of the company's funds on insufficient security and in violation of General Statutes, Rev. 1888, § 2887. *Held :—*

1. That their duty in respect to the loan was analogous to that of a trustee in respect to the investment of the trust fund : mere good faith was not sufficient to relieve them from liability ; they were bound to exercise the diligence and care which a man of ordinary prudence would exercise to secure a safe loan ; and in failing to do so they acted negligently and became liable for the resulting loss.

2. That the money and interest so lost as a direct result of the wrong was the measure of damage.

Where such a loan results in a total loss, it is not incumbent upon the company, or its receiver, to prove the value of the collateral security at the time the loan was made.

Where the power of a trustee in dealing with a trust fund is doubtful, requiring some legal knowledge for the correct understanding of its limits, the fact that the trustee acted under advice of counsel may entitle him to protection. But the general principle is otherwise, and advice of counsel cannot avail where the terms of the trust are plain and explicit.

No presumption exists that a conference of a majority of the directors of a corporation is a regular meeting, and that legal notice has been given to the absent directors, when no record of the conference has been made.

Argued January 27th—decided March 4th, 1903.

ACTION by the receiver of an insolvent life insurance company against two of its principal officers and directors, to re-

cover damages resulting from the alleged wrongful and negligent conduct of the defendants in making a loan of its funds unauthorized by law, brought to the Superior Court in New Haven County and tried to the court, *Thayer, J.;* judgment for the plaintiff, and appeal by the defendants. *No error.*

The averments of the complaint, which are denied by the answer, are substantially these : The defendants were actively engaged in the management of the company, and it was their duty to see that its assets were safely invested and preserved. The defendants caused the money of the company to be loaned upon an indorsed note secured by the mortgage of a vessel. No payment of the note has been made, and the maker and indorsers are unable to pay the same. The vessel mortgaged was an improper and inadequate security for the same, and is now worthless. The defendants wrongfully and negligently failed to obtain proper and sufficient security for said loan, or any security such as the statute requires, and by reason of their said failure and neglect the sum loaned, with all interest thereon, has been lost to the company.

The denials of the answer were accompanied by affirmative allegations that the loan was secured, in addition to the mortgage, by certain bonds, as collateral therefor, of a par value of more than twenty-five per cent. above the amount of said loan, that the defendants and other agents of the company made reasonable investigation as to the amount and value of said security and collateral, that the defendants believed said bonds had, at the time of said loan, a market value of more than twenty-five per cent. in excess of the amount of said loan, and that said loan and the payment thereof was fully secured by the security received. These allegations were denied by the reply.

The judgment, at the request of the defendant Platt, specially sets forth the facts found, as follows : This action was brought pursuant to an order of this court in an action of Frederick A. Betts, insurance commissioner, against said insurance company, entered January 10th, 1900. Said company carried on the business of life insurance in said Waterbury from January 16th, 1894, to July 14th, 1898. During

the whole of said period said Doherty was the secretary of said company, and from January 16th, 1894, to July 12th, 1897, the said Platt was president, and from September 20th, 1897, to July 26th, 1898, was first vice-president of said company; and during the whole of said period from January 16th, 1894, to July 14th, 1898, both the said defendants were members of the board of directors—sometimes called the executive committee—and were actively engaged in the management of said company, in the investment of its funds, the collection of its income, and in the general management of its affairs, and it was their duty to see that its assets were safely invested, collected and preserved.

On or about March 21st, 1895, the defendants caused $9,815 of the money of said company, being the amount of the note hereafter mentioned, less discount at six per cent. for one hundred and eleven days, to be loaned to S. A. Dutton, and accepted therefor, on behalf of said company, his promissory note for that sum, dated March 14th, 1895, payable to the order of himself four months after date, and indorsed by him and also by H. M. Munsell and M. I. Munsell, and also accepted from him, in behalf of said company as security for said note, a mortgage deed dated March 22d, 1895, of a certain vessel known as the *Jessie B.* The defendants also, in behalf of said company, accepted as additional security for said note, $10,000, face or nominal value, of the bonds of the Waterbury Land Improvement Company, of Waterbury, Conn., from one S. P. Williams.

Said note when due was duly presented for payment and payment thereof refused, and was duly protested for nonpayment, and no part thereof has ever been paid.

Said vessel when mortgaged as aforesaid was registered and located in the State of New York, and was wholly inadequate security for said note, and when the same became due was worthless and has so remained.

At the time said loan was made and the bonds accepted as aforesaid by the defendants, said bonds did not have a market value of twenty-five per cent. in excess of the amount

loaned thereon as aforesaid, and when said note became due were worthless.

The defendants took no other security for said loan than that above stated, and negligently and wrongfully failed and omitted to obtain proper and sufficient security therefor; and by reason thereof the whole of said loan, with interest thereon, has been lost to said company. The plaintiff has been damaged thereby the sum of $14,280.83. As a conclusion of law from these facts the court finds that the plaintiff is entitled to recover from the defendants said sum.

The finding for appeal states the subordinate facts found bearing upon the conclusion of negligence, and such other facts as are material to the presentation of questions of law arising in the trial.

*Henry Stoddard* and *William H. Ely*, with whom was *Lucien F. Burpee*, for the appellants (defendants).

*Henry C. White* and *Leonard M. Daggett*, for the appellee (plaintiff).

HAMERSLEY, J. A director of a stock corporation, when acting for it in the conduct of its business, is its agent and, indirectly, the agent of all the shareholders. Like every agent, he may be personally responsible to his principal for negligence or misconduct in conducting the business intrusted to him. Ordinarily, directors acting in good faith and within the scope of their authority are not liable for the disastrous consequences of a mere mistake in judgment. But there is no general rule of liability for wrongful neglect in the exercise of such agency, applicable to directors as a class by themselves, independently of the law which prescribes and defines the duties and liabilities of agents. The duties and liabilities of directors must depend in each case upon the terms of their agency and the particular circumstances of the case. The fact that their services are gratuitous, when it is a fact, may have some weight. That they have put themselves in the position of dealing, as directors, with

themselves as individuals, that the funds in their charge are not committed to them for ordinary business operations, but have been contributed to the corporation by others in the trust and confidence that they will be safely invested and preserved to meet the liabilities incurred to the contributors, and which must arise in the near or far-distant future (as in the case of savings-banks and life insurance companies), that they act in excess of their authority or of the powers of the corporation, that they act in violation of the plain prohibition of statute law, together with other circumstances,—may each affect the kind and degree of care required by law of a director in making or approving a particular investment, and his liability for any loss thereby caused.

In the present case the defendants were the principal officers of a life insurance company, actively engaged in its management and the investment of its funds, and presumably paid for their services. By virtue of their positions as principal officers they were also directors. As officers they arranged for and carried out, and as directors they approved and voted for, an appropriation of the company's funds as a loan upon insufficient security and in violation of § 2887 of the General Statutes of 1888 (Rev. 1902, § 3564), forbidding the making of any loan without taking the security therein prescribed.

Under these circumstances, the duty of the defendants in respect to the loan was analogous to that of a trustee in respect to an investment of the trust fund in a manner unauthorized by the terms of the trust. Mere good faith was not sufficient. At the very least they were bound to exercise diligence in investigating as to the value of the securities and safety of the loan, and ordinary care and prudence in acting on the facts known to them. *New Haven Trust Co.* v. *Doherty*, 74 Conn. 353, 357; ibid. 468, 474; *Allen* v. *Curtis*, 26 id. 456, 461; *State* v. *Washburn*, 67 id. 187; *Mallory* v. *Mallory Wheeler Co.*, 61 id. 131, 138; *Williams* v. *McDonald*, 42 N. J. Eq. 392; Lewin on Trusts, p. 766; *Briggs* v. *Spaulding*, 141 U. S. 132, 147; *Hun* v. *Cary*, 82 N. Y. 65, 70, 71.

The money in charge of the defendants as officers and

directors was, in view of the provisions of its charter, held by the corporation under limitations of investment analogous to those imposed by law upon a trustee in the investment of trust funds, and, in recognition of this trust relation, the statute had further restricted the power of the trustee by forbidding any loan " unless such loan shall be secured by mortgage of unencumbered real estate worth at least double the amount loaned thereon ; or by pledge of bonds or stocks as collateral, having a market value at least twenty-five per cent. in excess of the amount loaned thereon ; provided, however, that such life insurance company may make such loans upon pledge of United States government bonds, and bonds of the State of Connecticut at par."

The power of the corporation in the investment of its money, imbued for this purpose with the characteristics of a trust fund, was limited, and the authority of the defendants, as its agents, was likewise limited. In exceeding their authority by making the loan in question, under the circumstances of this case, the defendants surrendered the protection given them as agents acting in good faith within the scope of their authority, and assumed a personal responsibility to the corporation in respect to their unauthorized act. So far as they could be regarded as acting as agents, they were bound at least to exercise the diligence, care and prudence, which a man of ordinary prudence would exercise under such circumstances, to secure a loan whose actual safety would make their act in fact, as well as intention, beneficial to their principal. In making a loan which was actually unsafe, without exercising this diligence, care and prudence, they acted wrongfully and negligently, and became personally liable for the resulting loss ; and the corporation had a right of action against them to recover the damage caused by their wrongful and negligent act. The action sounds in tort, and may properly be brought against any one or more of the officers and directors who may have incurred the personal liability.

The wrong which is the ground of this action consists in the unlawful appropriation of the plaintiff's money, whereby

the same, and all beneficial use thereof, has been lost to the plaintiff. The amount of the money and interest so lost as the direct result of the wrong must, therefore, measure the damage. The acquirement of the indorsed note, mortgage, and bonds, was a part of the transaction which establishes the wrong, and if the company had in fact received any benefit from this acquirement, the amount of that benefit might go in reduction of damages; but, being worthless at the time the loan expired, and ever since, it is immaterial in this action whether or not the company or receiver has formally offered to hand over the worthless securities to the perpetrators of the wrong.

It is also immaterial what questions might arise had the receiver affirmed the wrongful act and accepted for the company the worthless securities; he has not done this; he could not do it without a violation of his duty, and such violation cannot be implied from the performance of his duty in bringing this action to recover the damage resulting from the wrong.

The questions now discussed were substantially covered by our opinion in granting a new trial of this cause upon a former appeal (74 Conn. 473).

The trial court properly applied the law thus indicated for its guidance in a new trial.

It follows that the court did not err in holding the defendants liable, notwithstanding it was proved and found by the court that they acted in good faith; and did not err in assessing the damages, or in refusing to hold that the difference between the amount of money appropriated to the loan and the market value at the time of the loan, of the bonds received as collateral security, was true measure of the damage caused by the wrong.

The disposition of these two grounds of error necessarily disposes of such other claims, under the assignments of error, as depend on the decision of the main question.

The claim is made that the court erred in drawing the conclusion of careless and negligent conduct from the subordinate facts found. This claim is unfounded. The con-

clusion is one of negligence under all the circumstances of the case, and is subject to the well-established rules governing any review of the action of a trial court in such case.

We have carefully examined the facts known to the defendants and upon which they acted, and other facts of the transaction as set forth in the finding. They certainly are not inconsistent with the conclusion drawn by the court, that the defendants did not exercise a reasonable degree of prudence and business judgment, but acted wrongfully and negligently. Counsel for the defendants cannot seriously complain of this conclusion, unless the fact that the defendants were acting beyond the scope of their authority is eliminated; but they claim that this fact should be eliminated because it appears that the defendants took the advice of counsel as to the power of the corporation to invest its funds in this loan, and were advised that it had power, and therefore the defendants were to be regarded as acting within their authority, and the standard of duty applied to their conduct should have been that applicable to agents acting in good faith within the scope of their authority. The court properly overruled this claim.

The bonds were secured by a second mortgage on land, and the maker had no assets except the land so mortgaged. The bonds at par value were just equal to the amount loaned. The statute defining the power of the corporation over the investment of its *quasi*-trust funds says that no loan shall be made unless secured by a first mortgage upon land worth twice the amount of the loan, or by the pledge of bonds as collateral having a market value at least twenty-five per cent. in excess of the amount loaned. If this loan is treated as secured by mortgage on real estate, it is clearly unauthorized, because the mortgage is a second mortgage; if treated as secured by the pledge of bonds, it is clearly unauthorized unless the bonds had a market value of at least twenty-five per cent. in excess of their par value, because the bonds pledged have a par value just equal in amount to the loan.

The advice of counsel, as applicable to the loan in question, was this: The loan is within the power of the corpora-

tion and authorized by the statute, if you believe in good faith that the land mortgaged to secure the bonds has a market value equal to the amount of the first and second mortgage and a sum equal to twenty-five per cent. of the amount of the bonds pledged. It is true, that where the power of a trustee in dealing with a trust fund is doubtful, requiring some legal knowledge for the correct understanding of its limits, courts have held that the trustee might be entitled to some protection when acting under the advice of counsel. But the general principle is otherwise, and advice of counsel cannot avail where the terms of the trust are plain and explicit. Lewin on Trusts, 366; *Watts* v. *Girdlestone*, 6 Beavan, 188, 190; *Ames* v. *Parkinson*, 7 id. 379. Indeed, it is difficult to imagine an instance of any kind where one charged with a specific duty can negligently violate that duty with impunity, by simply obtaining from some attorney advice which is obviously repugnant to the plain facts of the case.

The material facts not admitted, on which the judgment was founded, were properly found under the issues framed by the allegations and denials of the complaint, amended answer, and reply.

The court did not err in overruling the defendants' claim that there was a fatal variance between the pleadings and the proof. Nor did it err in holding, if that ruling can be regarded as material, that no presumption exists that a conference of a majority of the directors is a regular board meeting, and that legal notice has been given to the absent directors, when no record of the conference has been made. There may be a presumption in support of a record produced in evidence, in the absence of testimony to the contrary, that a meeting duly recorded was rightly called. But there is no presumption that directors do not confer except at a regular board meeting. When a majority of directors confer, the inference from the fact that the conference was not recorded, that other directors were not notified to attend, is as permissible as an inference, from the fact of the unrecorded conference, that they were notified to attend.

The plaintiff having proven that the defendants made a loan upon insufficient security and in excess of their authority, resulting in total loss, the court did not err in refusing to hold that it was incumbent upon the plaintiff to prove the exact value of the securities at the time of the loan.

The court did not err in refusing to divide the loan into two separate loans and treat the whole of the collateral as security for one of these loans, for the purpose of effecting the rule of damages, or for any purpose.

The appeal contains numerous claims for the correction of the finding. It needs no correction. The printed transcript of testimony included in the appeal record serves only to illustrate the exceeding fairness and substantial sufficiency of the finding. An inspection of the whole record fails to show any material fact found without evidence, or that any fact claimed is excluded from the finding which is material to the presentation of questions of law and has been found proven by the court or treated in the trial as an admitted or undisputed fact.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.