INDIAN LAND & TRUST CO. v. SHOENFELT et al.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1905.)

No. 2,077.

1. EQUITY—JURISDICTION—FEDERAL COURTS—REMEDY AT LAW ADEQUATE.

The Constitution and act of Congress deny the national courts' jurisdiction in equity where the complainant has a plain, adequate, and complete remedy at law.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 121–166.]

2. SAME—NO JURISDICTION TO ENJOIN SINGLE TRESPASS.

A court of equity has no jurisdiction to enjoin a single trespass upon agricultural land where the probable injury is not shown to be destructive of any part of the real property or irremediable, because an action at law for damages will afford adequate satisfaction.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 98.]

3. SAME—PLEADING—AVERMENT OF IRREPARABLE INJURY.

The averment of irreparable injury is futile, in the absence of allegations of facts from which the court can see that irremediable mischief may be apprehended from the threatened wrong.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 232.]

4. SAME—FACTS AND DECISION.

Averments in a bill that the owner of a leasehold estate for five years in 200 acres of agricultural land, upon which its tenant had planted a crop, is, with his tenant, about to be removed from 80 acres of the land by one without right, that the complainant paid $150 for the leasehold and $80 for the improvements on the premises, and that it will suffer irreparable injury from the threatened eviction, state no ground of equitable cognizance.

5. SAME—PRACTICE—DISMISSAL FOR WANT OF JURISDICTION.

Where a court of equity has no jurisdiction of a suit, the decree of dismissal must expressly adjudge that it is rendered upon that ground, or must expressly provide that it is made without prejudice.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 771.]

A general decree of dismissal, without more, renders all the issues presented in the case res adjudicata, and constitutes a bar to an action at law for the same cause.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1028–1045.]

(Syllabus by the Court.)

Appeal from the United States Court of Appeals in the Indian Territory.

The Indian Land & Trust Company, a corporation, exhibited its bill in equity against J. Blair Shoenfelt, United States Indian agent, Samantha Barnett, and T. A. Barnett, the guardian of Sally Hodge, a minor, in the United States Court in the Indian Territory, in the Western District at Muskogee. The material averments of the bill disclosed these facts: In August, 1902, Samantha Barnett, the mother of the minor, Sally Hodge, and one Luke Nevins, her stepfather, leased to the complainant, a corporation, for the term of five years from January 1, 1903, and for a rental of $150, and any improvements there might be upon the premises at the end of the term, 200 acres of land, 80 acres of which were owned by Sally Hodge and 120 by Samantha Barnett. Barnett claimed to have some improvements upon this land, and the complainant paid him $80 for them. Thereupon the trust company leased the land to one Heytz, who planted a crop upon it. At the instance of Samantha Barnett, letters of guardianship of Sally Hodge, the minor, were issued by the court to Barnett. Barnett and Samantha Barnett were insolvent. Shoenfelt, the United States Indian agent, threatened to remove the complainant and its tenant from the 80 acres of land owned by Sally Hodge at the instigation of Barnett and Samantha Barnett, and such a removal would irreparably injure the complainant. Samantha Barnett and Sally Hodge were Creek Indians, who had been in possession of the land as their allotments for more than a year, and Shoenfelt, as Indian agent, had no jurisdiction or authority to remove the complainant or its tenant therefrom. The prayer of the trust company was that the defendants should be enjoined from interfering with the possession of the land, and that Shoenfelt, the Indian agent, should be forbidden from taking the possession of it from the complainant and delivering it to the defendant Barnett, as the guardian of Sally Hodge, the minor. A general demurrer to this bill was sustained, and the suit was dismissed. The United States Court of Appeals for the Indian Territory affirmed this decree, and its decree of affirmance is here challenged by appeal.

Preston C. West, for appellant.

Horace L. Dyer (David P. Dyer and Bert D. Nortoni, on the brief), for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The seventh amendment to the Constitution of the United States, which has been extended over the Indian Territory by act of Congress (26 Stat. pp. 81–96, c. 182, § 31), provides that "in suits at common law where the value in controversy exceeds twenty dollars the right to trial by jury shall be preserved and no fact tried by jury shall be otherwise re-examined by any court in the United States than according to the rules of the common law." Congress has enacted that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." Rev. St. § 723 [U. S. Comp. St. 1901, p. 583]. In Hipp v. Babin, 19 How. 271, 278, 15 L. Ed. 633, the Supreme Court, declared that "whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury." Thomas v. Council Bluffs

Canning Co., 34 C. C. A. 428, 431, 92 Fed. 422, 424. Although this objection to the jurisdiction in equity of a national court is not made by demurrer, plea, or answer, or suggested by counsel, it is the duty of the court, where it clearly exists, to recognize it of its own motion and to give it effect. Lewis v. Cocks, 23 Wall. 466, 470, 23 L. Ed. 70; Hipp v. Babin, 19 How. 271, 278, 15 L. Ed. 633.

A court of equity has no jurisdiction to enjoin a single trespass upon agricultural land where the probable injury is not shown to be destructive of any part of the real property, or irremediable, and an action at law for damages will afford adequate satisfaction. Jerome v. Ross, 7 Johns. Ch. 315, 331, 332, 11 Am. Dec. 484; Troy & B. R. Co. v. B. H. T. & W. R. Co., 86 N. Y. 107, 126; Hart v. The Mayor, 3 Paige, Ch. 213, 214; Akrill v. Selden, 1 Barb. 316, 317; Beach on Injunctions, § 34.

The averment of irreparable injury in a bill is futile, in the absence of allegations of facts from which the court can see that irremediable mischief may be reasonably apprehended from the threatened wrong. Mechanics' Foundry v. Ryall, 75 Cal. 601, 603, 17 Pac. 703; McHenry v. Jewett, 90 N. Y. 58, 62; 1 High on Injunctions, § 722; Beach on Injunctions, § 34.

The threatened wrong the perpetration of which the complainant seeks to enjoin is the removal of itself and its tenant from 80 acres of agricultural land by the defendant Shoenfelt, the United States Indian agent to the Five Civilized Tribes. There is no allegation in the bill that Shoenfelt is unable to respond to any damages which he may inflict by this removal, or that he is insolvent. The bill contains a bald averment that irreparable injury will be inflicted upon the complainant by its removal from the land, but it contains no allegation of any facts from which the court can see or infer that any irremediable mischief will result. On the other hand, it contains averments which disclose the fact that the only legal injury which could be caused by the threatened wrong would be the loss by the complainant and its tenant of the value of the leasehold estate they claim to own for the remainder of its term, and this loss is perfectly capable of ascertainment and compensation in damages. If Shoenfelt, the Indian agent, has the jurisdiction and lawful authority to remove the complainant and its tenant from the land of the minor, the damages that may result to the complainant from that act will inflict upon it no legal injury, and will afford no ground for an action at law, and the threat of that removal presents no basis for the maintenance of a suit in equity. If, on the other hand, as the complainant avers, Shoenfelt, as Indian agent, has no lawful right or authority to effect such a removal, he will be personally liable to the complainant for all the injury the removal inflicts (Bates v. Clark, 95 U. S. 204, 209, 24 L. Ed. 471), and an action against him for the damages resulting will afford to the complainant a plain, adequate, and complete remedy at law. For this reason the United States Court for the Western District of the Indian Territory had no jurisdiction of this suit in equity, and it should have been dismissed without prejudice to an action at law, or upon the express ground that the court was forbidden by the Constitution and the act of Congress to take jurisdiction of it in equity.

Because the trial court had no jurisdiction of this suit, this case does not present for the consideration of this court the question whether or not a lease for five years by the parent or natural guardian of a Creek Indian, who is a minor, of her allotment of agricultural land, is valid, and it is believed to be unwise to consider or determine that question until a case arises which fairly presents it, in view of the fact that so many other questions necessarily involved in other suits pending here are awaiting the consideration and decision of this court.

The record in this case does not disclose whether the decree of dismissal of the court below contains a provision which clearly shows that the suit was dismissed because the court had no jurisdiction of it in equity, or a provision that it was dismissed without prejudice. It does, however, contain an opinion upon the merits of the case, from which it is inferred that the decree evidences a dismissal upon the merits. A general decree of dismissal of a suit in equity, without more, renders all the issues in the case res adjudicata, and constitutes a bar to an action at law for the same cause. Hence, when a court of equity has no jurisdiction of a suit, the decree of dismissal must expressly adjudge that it is rendered for that reason, or must expressly provide that it is made without prejudice, to the end that the complainant may resort to his action at law for any damages he may sustain if he is so advised. Mitchell v. Dowell, 105 U. S. 430, 26 L. Ed. 1142; Cecil National Bank v. Thurber, 59 Fed. 913, 914, 8 C. C. A. 365, 367; Russell v. Clark, 7 Cranch, 69, 90, 3 L. Ed. 271; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 233, 111 Fed. 81, 85; House v. Mullen, 22 Wall. 42, 46, 22 L. Ed. 838; U. S. v. Pine River Logging & Improvement Co., 78 Fed. 319, 325, 24 C. C. A. 101, 107; Speer v. Board of County Commissioners, 88 Fed. 749, 752, 32 C. C. A. 101, 105.

The decrees of the courts in the Indian Territory are reversed, and the case is remanded with directions to the United States Court in the Western District of the Indian Territory, at Muskogee, to enter a decree of dismissal of the suit which shall adjudge in the decree that the suit is dismissed because the court has no jurisdiction in equity of the alleged cause of action, or which shall adjudge that the suit is dismissed without prejudice to an action at law for the same cause presented in this suit.