FOWLER v. OSGOOD.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1905.)

No. 2,088.

1. RECEIVER—SUIT—IN A FOREIGN JURISDICTION.

A receiver in chancery of an insolvent corporation, appointed by the United States Circuit Court for the Southern District of Iowa, being authorized thereto by the court appointing him, brought suit in equity in the United States Circuit Court for the District of Colorado for the recovery of a fund, from a resident of the latter state, alleged to be held in trust for the benefit of creditors of the estate. Held, that such receiver had no legal status to maintain such suit in a jurisdiction foreign to that appointing him, even though leave to institute such suit was granted by the Colorado court, and although the bill alleged that there were no creditors of the insolvent corporation in the state of Colorado.

[Ed. Note.—Actions by and against receivers of federal courts, see note to J. I. Case Plow Co. v. Finks, 26 C. C. A. 49.]

2. EQUITY—DEMURRER TO BILL—JUDGMENT.

Where a demurrer to the bill is general, and special for the want of jurisdiction, the judgment sustaining the demurrer solely on the ground of want of jurisdiction should be limited accordingly, as a decree of dismissal of the bill concludes the defendant on the merits.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

N. T. Guernsey and J. C. Helm (John R. Dixon, on the brief), for appellant.

Cass E. Herrington and D. C. Beaman, for appellee.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

PHILIPS, District Judge. On January 23, 1900, the Atlantic Trust Company, a New York corporation, recovered judgment in the Circuit

Court of the United States for the Northern District of Illinois against the Iowa & Illinois Coal Company, an Iowa corporation, in the sum of $341,838.22. On the 10th day of February, 1900, said trust company recovered judgment against said coal company for a like sum in the Circuit Court of the United States for the Southern District of Iowa. Executions were issued on said judgments, and returns of nulla bona were made prior to the 4th day of August, 1900, on which latter date the said trust company filed a creditors' bill in the Circuit Court of the United States for the Southern District of Iowa against said coal company, alleging the rendition of said judgments and the issuance and return of said executions, the insolvency of said coal company, and that it had assets not subject to levy and sale on execution, consisting of choses in action, claims of an equitable character, which in equity should be sequestered by the court to enforce the satisfaction of said judgments. The complainant asked that the business affairs of the coal company be administered and wound up; that its assets, when collected, be applied upon said judgments; and for the appointment of a receiver to take possession and custody of its books and records, and to collect its assets. In this suit, on the 24th day of January, 1901, the said Circuit Court for the Southern District of Iowa appointed the complainant, Isaac W. Fowler, receiver of said coal company, investing him with the usual powers of a receiver in chancery. On the 14th day of January, 1902, the said Iowa Circuit Court made an order authorizing the receiver to institute and prosecute, outside of the Southern District of Iowa in other courts of competent jurisdiction, such action or actions at law or suit or suits in equity as in the judgment of said receiver might be necessary or expedient to institute and prosecute in order to collect and reduce to his possession all such rights, debts, equitable interests, property, and assets of said corporation, so that the proceeds of the same might be applied to the payment of the debts of said corporation. Thereafter said receiver, upon leave granted by the local court, instituted the present suit in equity in the United States Circuit Court for the District of Colorado, whereby he sought to recover from the defendant, Osgood, a large sum of money alleged to be in his hands in trust for the benefit of said corporation, and which in equity is liable to sequestration at the suit of the said receiver. To this suit the defendant appeared and demurred, on the ground, among others, that it appears on the face of the bill that the complainant is a foreign receiver, and as such has no power to sue in the jurisdiction of said Colorado court. The demurrer was sustained, and the bill dismissed. To reverse this decree, the complainant prosecutes this appeal.

The question to be decided is, could the receiver appointed by the court of the state of Iowa maintain this suit in a court of the state of Colorado? This question was presented to the Supreme Court of the United States in 1854, in Booth v. Clark, 17 How. 322, 15 L. Ed. 164. After thorough discussion, it was ruled that a receiver in chancery appointed by a court of one jurisdiction has no authority to sue in a jurisdiction foreign to that appointing him for the recovery of property or assets of the debtor. This for the reason that such receiver is the

mere right arm of the court appointing him, to obey its orders in matters of administration within its jurisdiction, and as such is entirely subject to its control. He executes bond for the faithful performance of his duties, to account alone to the court appointing him; and the funds coming to his hands as such receiver are in custodia legis, held by him for distribution and application by the court whose commission he holds.

Adverting to the exception where, under statutes of the state of the domicile of the corporation, on its insolvency or dissolution the assignee in law becomes vested with the title to the property, with all the powers conferred by the charter or statute, becomes, pro hæc, the corporation, and can therefore recover its property wherever situate, the learned justice said that none of these alter the relation of a mere receiver in chancery to the court appointing him, empowering him to sue in his own name officially in another jurisdiction for the property or choses in action of a judgment debtor.

"Indeed, whatever may be the receiver's rights under a creditors' bill, to the possession of the property of the debtor in the state of New York (the jurisdiction where the receiver was appointed), or the permissions which may be given to him to sue for such property, we understand the decision of that state as confining his action to the state of New York."

The doctrine of this case has been uniformly followed and steadfastly adhered to by the Supreme Court. In Quincy M. & P. R. Co. v. Humphreys, 145 U. S. 82, 12 Sup. Ct. 787, 36 L. Ed. 632, where the powers of such receiver were under consideration, the court quoted with approval the following language:

"The ordinary chancery receiver, such as we have in this case, is clothed with no estate in the property, but is a mere custodian of it for the court, and by special authority may become an officer of the court to effect a sale of the property, if that be deemed necessary for the benefit of the parties concerned."

In Hale v. Allinson, 188 U. S. 56–64, 23 Sup. Ct. 244, 47 L. Ed. 380, Mr. Justice Peckham, speaking for the court, said:

"We do not think anything has been said or decided in this court which destroys or limits the controlling authority of that case."

And quoted with approval the following:

"He [the receiver] has no extraterritorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek."

Because of the suggestion made in the discussion by Mr. Justice Swayne, in Booth v. Clark, that to permit a foreign receiver to recover the assets of the debtor situate in another jurisdiction would contravene the rule of comity, which forbids that the assets of the debtor having a situs in the forum should thus be withdrawn from its more convenient access by the local creditors, the courts of many of the states have conceived that if leave be first obtained from the local court to institute suit by the foreign receiver, and especially where it

is averred, as in the bill here under review, that there are no local creditors, the reason of the rule denying the right of action by the foreign receiver should not apply. But the discussion in full by Mr. Justice Swayne clearly enough indicates that such was not the view of the Supreme Court. Arguendo he said:

"We think that a receiver could not be admitted to the comity extended to judgment creditors, without an entire departure from chancery proceedings, as to the manner of his appointment, the securities which are taken from him for the performance of his duties, and the direction which the court has over him in the collection of the estate of the debtor, and the application and distribution of them. If he seeks to be recognized in another jurisdiction, it is to take the fund there out of it, without such court having any control of his subsequent action in respect to it, and without his having even official power to give security to the court, the aid of which he seeks, for his faithful conduct and official accountability. All that could be done upon such an application from a receiver, according to chancery practice, would be to transfer him from the locality of his appointment to that where he asks to be recognized, for the execution of his trust in the last, under the coercive ability of that court; and that it would be difficult to do, where it may be asked to be done, without the court exercising its province to determine whether the suitor. or another person within its jurisdiction, was the proper person to act as receiver."

This question has recently undergone a thorough re-examination and discussion by the Supreme Court in Great Western Min. & Mfg. Co. v. Harris et al. (decided May 29, 1905) 198 U. S. 561, reported in 25 Sup. Ct. 770, 49 L. Ed. 1163, Mr. Justice Day, in discussing the rule in Booth v. Clark, said that it never had been departed from by that court, and was rigidly adhered to. He said:

"The decision rests upon the principle that the receiver's right to sue in a foreign jurisdiction is not recognized upon principles of comity, and the court of his appointment can clothe him with no power to exercise his official duties beyond its jurisdiction. The ground of this conclusion is that every jurisdiction. in which it is sought, by means of a receiver, to subject property to the control of the court, has the right and power to determine for itself who the receiver shall be, and to make such distribution of the funds realized within its own jurisdiction as will protect the rights of local parties interested therein, and not permit a foreign court to prejudice the rights of local creditors by removing assets from the local jurisdiction without an order of the court, or its approval as to the officer who shall act in the holding and distribution of the property recovered."

He adverted to the conflicting decisions of the state courts upon the right of a receiver, upon principles of comity, to sue in a foreign jurisdiction, and said:

"In this court, since the case of Booth v. Clark, we deem the practice to be settled, and to limit a receiver who derives his authority from his appointment as such to actions, either in his own name or that of an insolvent corporation, such as may be authorized within the jurisdiction wherein he was appointed."

While it is true that it does not appear that there was present in that case the allegation that the receiver obtained the consent of the court in which the suit was brought to sue, or the allegation that there were no creditors in the jurisdiction of the forum, had such fact affected the rule, presumably it would have been so stated by the court, as the divergency of decisions of some of the state courts, to which he adverted,

rested upon such facts. On the contrary, it is quite manifest from the opinion that, in so far as the federal courts are concerned, the only method for reaching the property or assets of an insolvent corporation in a jurisdiction foreign to that where the receiver in chancery is appointed is by resort to an ancillary receivership where the property or asset sought to be recovered has its situs or where the debtor resides. The leave granted by the court in Colorado to sue in that jurisdiction determined nothing as to the power of the foreign receiver to maintain the suit when brought. It did not have the effect to control any fund by that court the receiver might recover in the suit. The receiver was under no bond of accountability to that court. The permission to sue, therefore, was in legal effect, meaningless. Whatever may be the view of any individual as to the correctness or advisability of the rule established by the Supreme Court, it is sufficient for us to say that it is conclusive on this court.

The demurrer for the reasons above stated was properly sustained. But the demurrer challenged the bill on nine other grounds, some of which went to the merits of the cause of action, and the decree is a general dismissal of the bill without any statement of the reason for it. A general judgment or decree of dismissal, without more, renders all the issues in the case res adjudicata and constitutes a bar to any subsequent suit for the same cause of action. Hence, when a court dismisses a suit upon some ground which does not go to the merits of the cause of action, but leaves them open to consideration in another court, or at another time, or in another way, the decree of dismissal must expressly adjudge that it is rendered for the specific reason upon which it is based, or must expressly provide that it is made without prejudice. Indian Land & Trust Co. v. Shoenfelt, 135 Fed. 484, 487, 68 C. C. A. 196; U. S. v. Pine River Logging & Improvement Co., 78 Fed. 319, 325, 24 C. C. A. 101, 107; Speer v. Board of Commissioners, 88 Fed. 749, 752, 32 C. C. A. 101, 105; Mitchell v. Dowell, 105 U. S. 430, 26 L. Ed. 1142; Cecil National Bank v. Thurber, 59 Fed. 913, 914, 8 C. C. A. 365, 367; Russell v. Clark, 7 Cranch, 69, 90, 3 L. Ed. 271; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 233, 111 Fed. 81, 85; House v. Mullen, 22 Wall. 42, 46, 22 L. Ed. 838. The general decree of dismissal was therefore erroneous.

It is reversed, with costs against the appellant, and the case is remanded, with directions to the court below to enter a decree of dismissal of the suit, which shall adjudge, in the decree, that it is dismissed on the sole ground that the complainant is a foreign receiver and hence without power to sue in the court below, and that it is dismissed without prejudice to other suits and proceedings which do not involve this objection.