PARKERSON v. BORST.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1918.)

No. 3202.

1. JURY ⬅➡28(6)—WAIVER OF RIGHT TO TRIAL BY JURY.

An objection to the jurisdiction of a federal court on the ground that the citizenship of plaintiff is not as alleged, thus raising an issue of fact, is most properly presented by plea in abatement; but, when a motion to dismiss on that ground is determined by the court without objection, the right of plaintiff to a jury trial on the issue is waived.

2. COURTS ⬅➡342—FEDERAL COURT—NATURE OF CAUSE OF ACTION.

A bill alleging that defendant's intestate, as agent for the investment of money for complainant, sold notes owned by her and fraudulently substituted others, but which sought only an accounting and money judgment for the notes taken, held not to state a cause of action in equity, but in effect one at law for conversion.

3. TRIAL ⬅➡11(3)—TRANSFER OF CAUSE TO LAW SIDE.

Where a bill in a federal court presents a mere cause of action at law for damages, of which equity is without jurisdiction, a motion to transfer the cause to the law side may be made at any time before the taking of proofs.

4. DISCOVERY ⬅➡19—IN EQUITY—BILL FOR DISCOVERY.

To give equity jurisdiction of a bill as one for discovery, where it also prays for other relief, it must allege that discovery is essential to such relief.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by Mrs. Louise Stone Borst against Mrs. Camilla Putnam Parkerson, testamentary executrix of W. S. Parkerson, deceased. Decree for complainant, and defendant appeals. Reversed.

Edwin T. Merrick, Philip Gensler, Jr., and Ralph J. Schwarz, all of New Orleans, La., for appellant.

E. J. Bowers, of Gulfport, Miss., and D. B. H. Chaffe, of New Orleans, La., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. [1] The jurisdiction of the District Court is questioned by the appellee; the citizenship of the plaintiff, in the state of Mississippi, as alleged in the bill, being challenged as a matter of fact by the appellant. The question was raised in the District Court by a motion to dismiss the bill for want of jurisdic-

tion. In the view we have taken of the side of the court upon which the case was properly triable, the issue as to the citizenship of the plaintiff would have been better presented by a plea in abatement in the nature of a plea to the jurisdiction, as held in the case of Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725; upon which plea an issue could have been framed, which would have been triable by a jury. However, the defendant elected to present the question by way of a motion, addressed to the court and tried by him, with the consent of the defendant. This was equivalent to a waiver of defendant's right to a jury trial upon this issue and a consent that it be heard by the District Judge without a jury. The District Judge found, upon the facts submitted to him upon hearing of the motion to dismiss for want of jurisdiction, that the plaintiff was a citizen of Mississippi, and the finding is supported by tendencies of the evidence set out in the record. Giving to the finding the effect a verdict of a jury would have been entitled to, if the issue had been so tried, we do not think the evidence was so clearly against the conclusion of the District Judge as to warrant us in setting aside his conclusion, on the motion to dismiss for want of jurisdiction in the District Court as a federal court.

After the defendant had answered the bill of complaint, but before any testimony was taken by either plaintiff or defendant, the defendant moved the court to transfer the cause to the law side of the docket under the twenty-second equity rule. The plaintiff resisted the motion upon the ground (1) that the bill presented a proper case of equitable jurisdiction; and (2) that the motion, made after answer filed, came too late.

[2] The cause of action presented by the bill of complaint had as its basis the transfer of certain notes which the intestate, who had acted as agent for defendant in the investment of her moneys, had made in his lifetime to others of his clients for whom he was acting in a similar capacity. It seems clear that the authority of the intestate to transfer securities of the plaintiff for reinvestment existed, if properly exercised, and with no restrictions other than those imposed by the law. It is claimed by the plaintiff, and there is evidence in the record tending to support the claim, that the intestate transferred certain of the securities of the appellee to others of his clients, substituting therefor notes, which he had previously procured, either for himself or for another of his clients, when he was interested in the notes or in the success of the maker of them in a way that made it improper for him to have made the transfer; i. e., that he was acting in a dual capacity in the transaction, representing the plaintiff, the buyer, as agent, and being himself either the seller, or personally interested in procuring the transfer to his client, the plaintiff. The relief prayed in the bill was for an accounting, a money decree in a fixed amount ($20,000) against the estate of the intestate for the amount of plaintiff's money or securities used by the intestate to purchase the substituted notes for the plaintiff, and for general relief. The bill did not seek to follow the securities of the plaintiff alleged to have been transferred by the intes-

tate, or to trace them into the possession of the transferees, nor did it seek to hold them or him as trustees in invitum. It merely sought a money decree against the estate of the intestate, to be satisfied out of its general assets, as damages for the alleged unauthorized transfer or conversion of the money or securities of plaintiff, used by the intestate to purchase the notes, in which, or in the transfer of which, it is claimed the intestate was interested. The relief sought was such that "a judgment for pecuniary damages would adjust and determine all the rights of the parties."

[3] In the case of Buzard v. Houston, 119 U. S. 353, 7 Sup. Ct. 249, 30 L. Ed. 451, the Supreme Court said of a bill praying for that character of relief that, it being "the only redress to which the plaintiffs, if they prove their allegations, are entitled," there was "no ground upon which the bill could be maintained." In the case of Cecil National Bank v. Thurber, 59 Fed. 913–916, 8 C. C. A. 365, the Court of Appeals for the Fourth Circuit said:

"In the present case there is no fund, bank deposit, or particular property which plaintiffs seek to apply to their claim; the conversion of plaintiffs' claim to their own use created simply a pecuniary liability. Even though a cause of action involves equitable features, if the legal remedy by pecuniary judgment is complete, sufficient, and certain, it must be resorted to."

It is manifest that the prayer for an accounting adds nothing to the equity of the bill. It is conceded that the value and amount of plaintiff's securities, alleged to have been converted by the intestate, was evidenced by the face value of the substituted note, and the decree of the District Court found that reference to a master to state the account was unnecessary, since the damages were liquidated by the amount of the substituted note; the securities having been concededly exchanged dollar for dollar with the note taken in lieu of them. ·

[4] Discovery was not prayed for in the bill. If it is to be considered as included in the prayer for general relief, it still fails to make out a proper bill for discovery, since other relief is also prayed for in it, and there is no averment that discovery was essential to the other relief prayed, nor was any use made of the answer for that purpose. A bill of discovery and relief contains equity only upon these conditions. Story, Equity Pleading, § 324; Russell v. Clark, 7 Cranch, 69, 3 L. Ed. 271; Cecil National Bank v. Thurber, 59 Fed. 914, 8 C. C. A. 365.

We think the plaintiff had a plain, complete, and adequate remedy at law, within the meaning of section 723 of the Revised Statutes (Comp. St. 1916, § 1244), and was entitled to a trial by jury, under the Seventh Amendment to the Constitution, if seasonably insisted upon.

The plaintiff contends that the defendant's motion, made first after answer on the merits, came too late. If the bill presents no cause of action cognizable in equity, the objection may be made at any time, even in the appellate court, or taken notice of by the court itself. If it presents a subject-matter of which both courts of law and courts of equity may take jurisdiction, but in which the remedy at law is plain, adequate, and complete, the objection that there exists such plain, adequate, and complete remedy at law, must be made at the earliest moment. Reynes v. Dumont, 130 U. S. 354–395, 9 Sup. Ct. 486, 32 L. Ed.

934. The bill presenting a mere cause of action at law for damages for the alleged conversion of plaintiff's securities by intestate, her agent, and no ground for equitable jurisdiction, might well be classified under the first of the two classes mentioned.

The motion, however, was not to dismiss the bill, but to transfer the cause to the law side of the docket of the District Court. Equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) is as follows:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall forthwith be transferred to the law side and be there proceeded with with only such alteration in the pleadings as shall be essential."

Under the terms of this rule, we think a motion to transfer is timely made, if filed before any testimony has been taken and any hearing, other than on motions or on the pleadings, had. The power given to the court by the rule to alter the pleadings, as may be essential to a trial on the law side of the docket, clearly contemplates a transfer after the pleadings are filed. It also shows that no harm can come from a transfer made after answer filed but before proofs taken. The essential difference between a trial in equity and at law, laying aside differences in pleading, is the method of taking proofs and of trial by or without a jury. If transfer antedates the taking of proofs and the beginning of the trial of facts, it is seasonable within the letter and spirit of the rule. If the pleading has been conducted as in a court of equity, its alteration to conform to a trial on the law side is expressly provided for by the rule. The defendant's right to a trial by jury, under the Seventh Amendment, is not waived by his not demanding it in his answer. It requires his consent, or what is equivalent thereto, affirmatively expressed. Entertaining these views, we think the motion to transfer the cause to the law side of the District Court should have been granted.

As the proofs will be different upon a trial with a jury, we refrain from expressing an opinion as to the other questions involved in the appeal.

The decree of the District Court is reversed, and the cause remanded for further proceedings in conformity with this opinion.