## FIRST NAT. BANK OF ST. PETERSBURG v. SOLOMON.

### No. 6653.

Circuit Court of Appeals, Fifth Circuit.

March 24, 1933.

Arthur R. Thompson and Dean Aikin, both of St. Petersburg, Fla., for appellant.

Billie B. Bush, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

On March 17, 1928, appellee, a widow, without experience in investing money, lodged with appellant as a compensated trustee to invest for her $8,000 of funds which had been left her by her husband. The purpose clause of the trust instrument recited that the funds had been received "to invest, re-invest, loan and re-loan said trust funds on any securities, properties and investments permissible by law for investment of trust funds, and upon such terms and conditions which said trustee may deem to be for the best interests of this trust. Said trustee to use reasonable precautions to protect all persons interested in this trust from loss by reason of such loans or investments." On the day the bank received the money, without consulting with appellee or informing her at all in the premises, it laid it out in the purchase of eight bonds of $1,000 each, of the Harrison Powell Holding Corporation, a part of an issue of $450,000. These bonds were secured by a mortgage and deed of trust to appellant as trustee on certain lots in St. Petersburg already incumbered by a first mortgage on one of the lots for $70,000, and a bond issue on all of them for $250,000, which bond issue it was expected to take up with the second mortgage bonds by exchange or purchase.[1] In addition to being trustee in this mortgage, appellant was sales agent for the bonds upon a commission of 4 per cent., and as agent for Harrison Powell Corporation it received $320 for selling these bonds to itself as trustee for appellee. None of these facts were disclosed to appellee, and, though she did receive to her account with the bank interest paid on the bonds for about one year before they defaulted, she was not informed of, she did not know, either the nature and character of the securities purchased with her funds, or their speculative value. Nor did she know that her trustee, carrying water on both shoulders, had acted in the transaction in a dual capacity, trustee for the buyer, agent for the seller, taking pay from both. When, after default in the payment of interest, appellee, taking advice, learned of the mishandling of her funds, she brought this bill for redress, seeking to charge appellant

---

[1] $395,000 of the second mortgage bonds were sold or exchanged under that deed of trust, $50,500 of the first issue were not exchanged, leaving ahead of the second mortgage bonds an indebtedness of $120,-000. When default occurred, and the second mortgage was foreclosed, it brought, as was to have been expected, a wholly insignificant sum, the net proceeds of which, distributed to the holders of the bonds, netted the holders 80 cents on each $1,000, or on the $8,000 of bonds which appellant purchased, $6.40.

as her trustee with the moneys lodged with it, and to trace them into and fix a charge on its funds therefor. From the decree, charging appellant generally with the amount of the moneys, but charging none of the assets for the payment, this appeal was prosecuted.

■■ Appellant urges here that the case was not cognizable in equity; that appellee's suit was for a mere money judgment for the misapplication of trust funds, and should have been brought on the law side. The point is without merit. Though appellee failed in her effort, her bill sought to follow the funds into the assets of the bank and fix a charge upon them therefor. Besides, though an action at law may be brought when a trustee has misapplied trust funds, Snyder v. Parmalee, 80 Vt. 496, 68 A. 649, Parkerson v. Borst (C. C. A.) 251 F. 242, a court of conscience is competent, on appropriate allegations, to give relief, and those allegations are found in the present bill.

■ On the merits, appellee insists that, wholly apart from questions of good faith and good judgment, the decree is right, for the peremptory reason that trust moneys may not, in the absence of a special agreement therefor, be invested in second mortgage bonds, while appellant insists that, absent controlling Florida statutes or decisions, and neither statute nor decision prohibiting such purchase is cited, the purchase of second mortgage bonds was not a violation per se of the trust. The case made does not require the broad issue thus presented to be decided. We shall not decide or discuss it further than to say that, generally speaking, safety is the first consideration in the investment of trust funds, and, because this is so, they may not be invested in speculative securities, and that second mortgages are generally so regarded. 17 Am. & Eng. Ency. of Law, p. 448; Loring, a Trustee's Handbook, p. 140; Mattocks v. Moulton, 84 Me. 545, 24 A. 1004; Porter v. Woodruff, 36 N. J. Eq. 174; Bogert on Trusts, p. 363; New Haven Trust Co. v. Doherty, 75 Conn. 555, 54 A. 209, 96 Am. St. Rep. 239.

■-6] This case goes off more narrowly on own facts. Upon the plainest principles of right dealing the action of the bank was unconscionable. It cannot be too strongly stated that a bank named as trustee prostitutes its trust when it uses it as a feeder for promotional or speculative business; that it is a public and a private wrong for it to invest money left with it in trust in securities in which it is interested by way of commission, promotion, or profit. It cannot be too strongly stated that persons who, as appellee did, reposing confidence in a bank, intrust it with funds for safe and prudent investment, have absolute right to rely upon it that those funds will not be invested in securities, in the sale, promotion, or disposition of which the bank has an interest, immediate, contingent, or remote. The inconsiderate haste with which these funds, intrusted to the bank because of the confidence of the trustor that it would safely and prudently invest and manage them, were laid out in highly speculative bonds in the promotion of which the bank was interested as trustee and sales agent, offends against fundamental principles of common honesty and fair dealing.

In Parkerson v. Borst, 264 F. 761, 765, we applied these principles with rigor and exactitude to the relation of attorney and client. We affirm them as equally applicable to the relation of trustee and cestui que trust existing between the bank and appellee. In that case, to the claim that she had given her agent power to invest her funds in his discretion, and that she was estopped to repudiate the power, we said: "Under the operation of the inflexible and overshadowing rules of law, the attempted transaction * * * with Mrs. Borst's securities lost the form of action, became sterile, and was in law as though it had not been." In this case we affirm that the purchase of the bonds was ineffective to transfer them to Mrs. Solomon; that the bank continued thereafter to hold her moneys in trust, accountable to her for them just as though the purchase had not been attempted to be made; accountable as trustee to her for the funds in specie, if they could have been traced; accountable to her for their amount, since they could not be.

The decree was right. It is affirmed.