MACKALL, JR., assignee, *vs.* WEST *et al.*

1. Where a bill sought to recover the value of goods from certain parties, by whom they were being improperly converted and disposed of, complainant (or his assignor) having held a mortgage thereon, and assigned it to some of the defendants for a special purpose, and also sought to have the mortgagors account to the complainant for the balance of the debt over and above the amount of the mortgaged property, the bill is multifarious.

2. A mere trespass furnishes no ground for equitable relief, in the absence of insolvency or other special reason therefor.

3. That discovery is prayed in a bill will not give equity jurisdiction, where equitable discovery is in no way necessary to an assertion of complainant's rights.

Bills. Equity. Before Judge CARSWELL. Chatham Superior Court. April Term, 1881.

To the report contained in the decision, it is necessary to add only the following: Mackall, Jr., as assignee of Lawrence, filed a bill in equity against the firm of West Brothers, J. H. Simmer, H. E. Simmer, and the last two named parties (J. H. Simmer and H. E. Simmer) as copartners under the firm name of H. E. Simmer; and the firm of Heard & Fulcher. The bill avers the following: The firm of H. E. Simmer effected an arrangement with Lee & Co. for advances, to cover which they gave to Lee & Co. a note secured by a deed to their stock, and certain land, etc. Lawrence was at that time a partner of Lee & Co., but the firm subsequently having dissolved, he continued the business of Lee & Co. in his own name, and the account of Simmer, with the deed as security, was transferred to him. At the time when the note and deed were given to Lee & Co., J. H. Simmer was in their employ, and upon their dissolution, he went into the employ of Lawrence. By reason of his representations of the great value of the stock of goods of H. E. Simmer, and of his

promise to ship cotton to Lawrence, the latter made large advances. For a valuable consideration the land was released as security, and after repeated efforts to collect the balance due, a verbal arrangement was made between Lawrence, and the firm of H. E. Simmer, and Heard & Fulcher, by which Heard & Fulcher were to appraise and make an inventory of the stock of H. E. Simmer at its cost value, and take the same, and pay Lawrence for it, in discharge of, or as a credit upon, H. E. Simmer's indebtedness. Lawrence transferred the security deed to Heard & Fulcher in expectation of, and conditional upon, said agreement being carried out. Subsequently Lawrence made the assignment under which Mackall was assignee, hastened by the receipt of information from Heard & Fulcher that they could not carry out their arrangement, because the goods had been claimed by West Brothers, under a bill of sale from J. H. Simmer. Lawrence immediately, and before making his assignment, notified J. G. West, of the firm of West Brothers, of his claim, and also requested Heard & Fulcher to assign back the deed, which request was disregarded. Whilst the complainant, having become assignee, was waiting on the re-transfer and return of the deed, West Brothers, Heard & Fulcher, and J. H. Simmer mingled the said stock of goods with those of Heard & Fulcher, who agreed to pay their value to West Brothers.

Complainant prayed that West Brothers, Heard & Fulcher, and J. H. Simmer should account for the full value of the stock of goods taken possession of by Heard & Fulcher; and that J. H. Simmer and H. E. Simmer, copartners, might be held to account for the difference between the value of the said stock of goods and their entire indebtedness to Lawrence. The defendants demurred to the complainant's bill. The court sustained the demurrer, and dismissed the bill; whereupon complainant excepted.

N. C. COLLIER; W. G. CHARLTON, for plaintiff in error.

CUNNINGHAM & LAWTON, for defendants.

JACKSON, Chief Justice.

We are not prepared to say that the court below erred in sustaining the demurrer and dismissing this bill. The demurrer rested on three positions: that the bill is multifarious, that the remedy at law is adequate, and that there is no equity in the bill.

1. It seems to us multifarious. The same relief is not prayed for against all the defendants; but it is asked that certain of them account for certain goods mortgaged by others of them, and against the mortgagors, insolvent too. The prayer is that they pay the balance of a debt secured by the mortgage after the account is made of the mortgaged property by those who, it is alleged, have wrongfully got possession of those goods.

The only thing which at all connects the defendants together, and makes any privity between them, is that mortgage, and relief beyond what it covers is entirely distinct from the link which chains them together.

And as respects the mortgage, or the goods covered by it, the remedy at law is complete under the alleged facts. Heard & Fulcher, two of the defendants, got it transferred to them by the complainant, by agreeing to account to him, or his assignor, for the proceeds of the goods as they sold them, and this they have wholly refused to do, but have agreed to turn over those proceeds to the Messrs. West, two other defendants, who are charged with knowledge of the claim of complainant's assignor. Thus they, Heard & Fulcher, are responsible in damages to complainant for the value of the goods thus wrongfully obtained. The fraud gave them no title. They are solvent and able to respond in damages, and live in the county of Screven, where they should be sued, and if the allegations are proved, a court of law will make them respond. It is not in accordance with their constitutional

right to be sued in their own county to force them to de-fend in Chatham county, because the parties to whom they are alleged to be turning over the proceeds of the goods live in Chatham. No injunction is asked to pre-vent them from doing so; and if asked, they would not be restrained from so turning over the goods, because they are entirely solvent, and able to respond for all the proceeds so turned over.

So the remedy against them is complete at law in their own county, and this court has ruled that in such a case equity will not move them out of it. Discovery against them, though asked, is unnecessary. It can be had as well at law as in equity. 44 *Ga.*, 10; 58 *Ib.*, 11.

If the complainant wishes to recover from the mort-gagors the remainder of their note, after exhausting the liability of Heard & Fulcher for their fraudulent use of the transfer of the mortgage, he has a clear road to the desired end through a court of law. Suit on the note will give him a judgment, not only for that part of the note secured by the mortgage, but for the whole note.

Whilst there is a general charge of fraudulent combina-tion made against the Wests, no facts are clearly and dis-tinctly alleged going to implicate them, and to make them responsible to complainant. The mere allegation of fraudulent combination does not amount to enough to get a decree against them, unless it be strengthened and ren-dered distinct and issuable by facts which can be traversed by plea or answer.

On the whole, it being the burden the plaintiff in error assumes to show error in the court below in the judgment he would have reversed, and therefore to show that there is equity in the bill which was dismissed by that judgment, and as there is no equity in it if the remedy at law be complete, and if distinct and separate relief be asked against the different defendants on distinct claims and different grounds, and if the only beneficial effect to him seems from the general countenance of the bill to be to

draw defendants against whom substantial relief is prayed out of their county by connecting with them, on vague allegations, others against whom, to say the least, no specific relief could well be had from the facts alleged, we must affirm the judgment, and leave him to his remedies at law.

Cited for defendant     error: Story's Eq. Plea., 452, 443–5, 324, 571, 572, 262, 505, 271 *et seq.;* Code, §§3081, 3172; 44 *Ga.*, 10; 38 *Ib.*, 11; 45 *Ib.*, 204; 63 *Ib.*, 312; 59 *Ib.*, 31, 316; 1 Story's Eq. Jur., 74, 64 c, 64 d; 1 Johnson's Chan., 543; 4 *Ib.*, 410; 5 Paige Chan., 65.

For plaintiff in error: 43 *Ga.*, 420; 10 *Ib.*, 116; 59 *Ib.*, 316; 36 *Ib.*, 541; 31 *Ib.*, 385; 16 *Ib.*, 137; 27 *Ib.*, 372; 43 *Ib.*, 19; 35 *Ib.*, 258; 63 *Ib.*, 312; 61 *Ib.*, 125; 55 *Ib.*, 546; 46 *Ib.*, 450; Code, §§3219, 3095.

Judgment affirmed.