196    SUPREME COURT OF GEORGIA.

Murphy vs. The Tallulah Steam Fire Engine Company No. 3; etc.

BLANDFORD, Justice.

[Under the affidavit set out in the head-note, summons of garnishment was issued and served, and a bond was given to dissolve it. After judgment against the defendant on the bond, he moved to set it aside because of the insufficiency of the affidavit on which the attachment was based. The motion was sustained, and the plaintiff excepted.]

MURPHY vs. THE TALLULAH STEAM FIRE ENGINE COMPANY No. 3.

A bill in equity cannot be dismissed on demurrer at a term prior to that to which the bill is made returnable. Code, §§4191, 4194.

(a.) Semble, that the act of 1869, which provides for the determination of a demurrer in vacation, contemplates a vacation subsequent the return term of the bill.

(b.) This case differs from that in 32 Ga., 670, 672.

Judgment reversed.

February 9, 1884.

JACKSON, Chief Justice.

[A bill was filed in Fulton superior court, returnable to the fall term, 1883, thereof. At the spring term, 1883, on demurrer, the bill was dismissed, and complainant excepted.]

DANIELS vs. EDWARDS & DUKES et al.

1. Although a lease of certain turpentine lands was made in 1877, and was for three years only, the time at which it was to begin not being specifically stated, but enough being set out to show that the parties may have intended it to begin at the time the trees in each lot were boxed, there being many lots, in two counties, if the lessor saw the boxing being done in the year 1882, and not only did not object, but urged that it be done, equity will estop him from setting up an adverse construction of the instrument, in order