## THE GEORGIA SLATE COMPANY *vs.* DAVITTE.

Where a bill was filed, alleging that the defendant and three others owned a certain tract of land on which was a slate quarry, and conveyed it to another under whom the complainant held, making a reservation in the *habendum* clause of the deed in these words: "Excepting the right to cultivate that part of said lot now being tilled, which is reserved by said J. S. Davitte" (the defendant); that this reservation was repugnant to the deed and void, or at least that the defendant was only entitled to cultivate his undivided interest and was a tenant in common with the complainant, but had taken possession of all the cleared land, refused to allow the complainant a right of way over it so as to give an outlet from the quarry to the railroad where the slate could be shipped, had built fences across it, had given notice to the complainant not to enter upon the cleared land, and had stopped up the only other road whereby the complainant could have access to the railroad, greatly damaging the complainant; and thereupon injunction was prayed; and where the defendant alleged, in his answer and cross-bill, that he had owned the entire lot and had made to three others deeds to undivided interests in the uncleared half of the lot in which the quarry was located, but never made a deed to the cleared portion thereof; that when the deed by himself and the three others to the grantor of the complainant was made, the draughtsman made a mistake, and instead of reserving to the defendant that portion of the land in which slate had not been found, drew the deed so as to convey the whole fee simple title; that it was the intention to make the reservation as stated, which was known to all the parties, and the mistake was known to the complainant at the time it received its deed; that the defendant had been continuously in the possession of the land, cultivating it, from the time of his sale to the present time; that he had only recently discovered the mistake in the deed, and thereupon immediately filed a bill to reform it; and that he is solvent and able to respond in damages;—there was no abuse of discretion in refusing an injunction until the dispute about the title should be settled by the jury.

January 9, 1888.

Title. Injunction. Before Judge MADDOX. Polk Superior Court. August Term, 1887.

Reported in the decision.

BROYLES & JOHNSTON; I. F. THOMPSON, for plaintiff in error.

BLANCE & NOYES, for defendant.

SIMMONS, Justice.

The Georgia Slate Company filed its bill against J. S. Davitte, alleging that it was a corporation engaged in quarrying slate for market in lot of land No. 212, in the 18th district and third section of Polk county, said lot containing forty acres, more or less; that it acquired title to said lot from the Penrhyn Slate Company, which had previously acquired title to the lot from said Davitte, Pope, Thompson and Smith. by joint deed of said parties; that at the time said deed was made, said Davitte owned an undivided four-tenths of the fee in said lot, said Pope owned an undivided third, and Thompson and Smith the remaining interest; that said deed conveyed the whole interest of these parties to the Penrhyn Slate Company. In the *habendum* clause of said deed these words were inserted: "Excepting the right to cultivate that part of said lot now being tilled, which is reserved by said J. S. Davitte." This deed was dated September 25th, 1872.

The bill alleges that this reservation made in the deed to Penrhyn Slate Company is repugnant to the deed and void, and if it is not void, it operates only to the extent of the four-tenths undivided interest in said lot which Davitte owned at the time the deed was made, and that he is only entitled to cultivate his four-tenths undivided interest, and that he is only a tenant in common with the complainants and has no right to take possession of all the cleared land on said lot and to exclude the complainant therefrom. The bill further alleges that the complainant commenced the operating of the slate quarry some time in 1886, and desired an outlet over this lot 212 to the railroad where its slate could be shipped, but that the defendant refused to give the complainant a right of way over the cleared

part of said lot, and had built fences across the same, and had given the complainant notice not to enter upon said cleared land, and that the defendant had stopped up the only other road whereby the complainant could have access to said railroad; and that the defendant had greatly damaged the complainant by his action in the premises. The bill prayed for an injunction restraining the defendant from interfering with the complainant's employés or obstructing the complainant's right of way over the cleared part of this land.

The defendant answered said bill, and admitted in his answer that the complainant had commenced working in said quarry, but denied that the complainant or the Penrhyn Slate Company had any right, title or interest in the cleared portion of said lot 212; that while the deed made by himself and others to the Penrhyn Slate Company, and tl ₃ deed from the latter to the Georgia Slate Company, did contain a grant to the whole lot of land, both the grantors and grantees in said deed had full notice at the time said deed was made, that said Penrhyn Slate Company had no title to the west half of said lot, and that said deed was in fraud of the defendant's title to said half of the lot. The defendant alleges that, in 1871 or 1872, he owned the whole of said lot, and that he made a deed to one-third of the uncleared half of said lot, in which is located the quarry, to Thompson and Smith; and shortly thereafter he made another deed to a third of said uncleared land to Pope; and he denies that he ever made a deed to any one to the cleared portion of said lot; that when the deed made by himself, Pope, Thomson and Smith to the Penrhyn Slate Company was written, Pope was the draftsman who drew the deed, and that he made a mistake in this, that instead of reserving to the defendant that portion of said land in which slate had not been found, it being the cleared half of said lot, said Pope drew the deed so as to convey the whole fee simple title thereof to said Penrhyn Slate Company; that they only intended to convey to said Penrhyn

Company that part of the lot on which the quarry was found, and not that part which was cleared and in cultivation; and that said intention was well known to all of the parties, and that the mistake was also known by the complainant at the time it received its deed from the Penrhyn Slate Company. The defendant further alleges that he had been in possession of the cleared part of this lot, cultivating the same and performing acts of ownership, from the time he first sold, in 1872, to the present time; and that he was ignorant of said mistake in the deed until some time in January, 1886, when he immediately filed his bill in the superior court of Polk county to reform said deed and make it speak the truth; and he attaches said bill to this answer by way of cross-bill, and reiterates all he charges made therein.

Upon the hearing of this bill and answer and the affidavits, the chancellor refused the injunction. The complainant excepted and brought the case here for review.

Under the facts as disclosed by this record, we do not think the chancellor erred in refusing to grant the injunction prayed for. While it is true that the deeds of the complainant show a title to all of the land, the defendant sets up that the title to the part he occupies never passed out of him, and that it was a mistake on the part of the draftsman to convey the whole of the lot; that neither he nor the other grantors intended to convey to the complainant the cleared part of the land; that he only sold and they only purchased that part of the lot in which the slate was discovered. The title to the land being in controversy, and the defendant having filed a bill to reform the deeds, we do not think that the chancellor abused his discretion in refusing the injunction until the dispute about the title is settled by the jury, especially as the complainant does not allege that the defendant is insolvent, and the defendant does allege that he is solvent and able to respond to any damages that the complainant may hereafter recover against him.

Judgment affirmed.