STEWART *v.* STEWART.

1. A judgment sustaining a demurrer to a bill or petition cannot be rendered in vacation before the return term. *Murphy* v. *Engine Co.*, 72 *Ga.* 196. A judgment sustaining a demurrer cannot be brought to the Supreme Court by a fast writ of error. *Jordan* v. *Kelly & Bros.*, 63 *Ga.* 437.
2. Whether for relief on a final hearing there was equity in the petition or not, there was no abuse of discretion in denying an interlocutory injunction and refusing to appoint a receiver. If this was the matter intended to be excepted to, no error was committed.                    *Judgment affirmed.*

March 26, 1892. Argued at the last term.

Injunction and receiver. Practice. Before Judge ROBERTS. Wilcox county. At chambers, December 14, 1891.

The application of Stewart against his wife for injunction, receiver, etc., was brought on November 19, 1891, to the March term, 1892. The defendant filed a demurrer on the ground that there was no equity in the petition. The demurrer was sustained, and this is excepted to.

The petition alleged, in brief: Petitioner married and lived with his wife since that time, except for three or four months in 1886, when she left him for no fault of his. She returned to him without solicitation, saying she had returned to live with him and would act in the future in good faith towards him. Desiring to procure a home he purchased of one Smith a tract of land (describing it), for which he paid without aid from her or any one in her behalf. The land was purchased for himself. Smith made a deed to it to petitioner's wife, with the consent of petitioner. Petitioner was sixty-two years old at the time, and was and still is somewhat infirm, was very poor, ignorant of the world and afflicted with an unfortunate propensity for making trades which would turn out in favor of the opposite

party. Fully cognizant of these disabilities, desiring to secure a permanent home for himself, and having confidence in his wife that she would protect him in all the equities in his favor, he consented and procured the deed to be made to her, solely for the purpose hereinbefore set forth, and she had direct and positive notice of all these reasons and took the land subject to all these equities. The deed was made to her in the utmost good faith, without desire to escape incumbrances or avoid the payment of debts; it was not intended to be a deed of gift to her, and this she knew full well. About a year ago she seemed to become averse to his companionship, and since that time has not acted in that good faith towards him which their marriage contract would seem to demand. For some time her aversion has apparently increased and has become demonstrative, manifesting itself in violent words and actions; has repeatedly hurled sticks, stones, etc. at him; has told him that she wished some of the convicts or guards where he worked would shoot him, and that if they did not she would put poison in his food, etc., which causes him to stay at his house and sometimes even fear for his life. He has given her no cause for this and does not know what is the cause, unless she wants to be rid of him and retain all of his property, and he believes there are some designing persons who instigate her actions with the purpose of possessing themselves of the land. She now denies him the equities arising in his favor, thus forcing him to file this bill. She has taken possession of the proceeds of the land for the present year, claims possession of the land, refuses to allow him the proceeds or to dispose of the same, claiming she has the legal title, and threatening him with criminal prosecution if he violates her alleged rights. He has in good faith improved the land, which he would not have done had he not relied upon his equitable rights under the deed, and has greatly

enhanced its value, all of which he did believing she would never demand of him anything inconsistent with the purpose of the deed and his equitable rights, but by said acts she has been guilty of a breach of the trust so created. She has always recognized his rights by allowing him full control of the premises, until a few months ago, and by joining with him in a mortgage intended to be a lien on the land, which he has paid because bound with her on the note which was secured by the mortgage. She is utterly insolvent, but is in possession of some furniture which is his property and for which he is about to sue her in trover. Unless restrained, he believes she will sell the land and its proceeds, and he will be left without remedy unless the purchaser has notice. He owes a few debts, and it will be necessary for him to have possession of the land in order to support himself and to pay these debts. He prays for injunction, receiver, that the title be declared to be in him, etc.

J. L. BANKSTON and HOLTON & LAWSON, by brief, for plaintiff.

No appearance for defendant.