FARMERS BANK *et al. v.* HARRISON, comptroller-general.

No. 11232. June 30, 1936. Rehearing denied July 10, 1936.

*E. W. Maynard,* for plaintiff in error.

*M. J. Yeomans, attorney-general, B. D. Murphy, D. M. Parker,* and *George L. Goode,* contra.

BECK, Presiding Justice. William B. Harrison, comptroller-general of the State, brought a petition on behalf of the State against the Farmers Bank of Forsyth, R. T. Persons, G. Ogden Persons, R. O. Persons, as individuals, and Persons & Persons, a partnership composed of R. T. Persons and G. Ogden Persons, as defendants, to compel discovery in a court of equity of the ownership, for the purpose of taxation, of real estate located in Monroe County, Georgia, consisting of residence and business property located in the City of Forsyth and farm property in various parts of Monroe County, of the alleged value of $100,000. It was alleged that no part of this property had been returned for taxation for the year 1935 and six years prior thereto, and that no taxes had been paid to the State of Georgia on said property for said period; in other words, that this property has not been placed on the tax digest and has not been assessed for taxation in conformity to law for said period, and therefore no taxes have been paid thereon for that period. It is further alleged that the comptroller-general, in the discharge of his duty, made demands upon and had conferences with the authorities of Monroe County, chargeable by law and whose duty it is to require the return of this property and assess the same for purposes of taxation; that said officers failed and refused to comply with the request of the comptroller-general; that they gave as a reason for their failure to require the return of this property and assess the same for purposes of taxation that they were not informed as to the ownership of the property and were unable to obtain satisfactory information so as to enable them to require the return of and assess said property for the purpose of taxation; that by a list or memorandum filed with the tax-commissioner of Monroe County the defendant, Farmers Bank, claimed ownership of said property to the extent shown by said list, although it is alleged that this list is not a full and complete record of all property that comes in the category of that unreturned and not assessed; that the Farmers Bank, by sworn statements made by its board of directors, as required by law, has made reports to the State Banking Department over the period covered that it owned no real estate other than its banking house and lot

of the value of $3992.93. It is further alleged that much of the property so listed was actually purchased and acquired by others of the defendants than the bank, and title was taken in the name of the bank solely for the purpose of treating it as the bank's property, and thus withdrawing it from taxation; that the defendants are in possession of full and complete information as to the ownership and title of said property for the purpose of taxation for the stated period, they know who purchased the same and with whose funds, and know in whose name the title was taken and why, and know who has owned said property for the past seven years and who now owns it and who has the possession, occupancy, and control of the same; that due diligence has been put forth by searching the deed records of Monroe County to obtain information, and such information has not been available to the taxing authorities of Monroe County or to the comptroller-general, because the deeds have been executed and delivered and withheld from the records; that the conduct of the defendants constitutes a fraud upon the State, and the effect of such conduct is to conceal and hide said real estate from taxation by the State and county, and much, if not all, has been concealed and hidden from taxation over the period named, and will continue to be concealed and hidden unless discovery and disclosure is made as sought in the petition.

Paragraph 17 of the petition sets out in full and complete detail the evidences of title, ownership, and possession which the plaintiff seeks to have produced, and which it is alleged are material to the disclosure prayed for in the petition. It is alleged that the comptroller-general, by and with the advice of the attorney-general of the State, upon obtaining a decree of discovery will institute such proceeding as may be necessary to enforce collection of such taxes, penalties, and interest as may be determined to be due the State on the property and the owners thereof; and that the purpose of this suit for discovery is to obtain the information from the defendants upon which to institute such proceedings and enforce the collection of the taxes due the State of Georgia. Demurrers general and special were filed by the defendants, and were overruled by the court.

The petition was for discovery, and also for injunction; but the preliminary ruling of the court dissolving the injunction removed

the question of injunctive relief, and no exception was taken to that ruling. So the petition is treated as one for discovery only, and the rulings hereinafter made relate to the questions raised by the demurrer to this petition for discovery.

Section 38-1101 of the Code provides that "The superior court in equitable proceedings may compel either party to discover facts within his knowledge, beneficial to the other party and material to his case; and this either upon a petition for discovery and relief, or for discovery alone, ancillary to some other civil proceedings." The petition in this case is in part as follows: "Plaintiff brings this action for discovery of and from the defendants of full information and knowledge as to all real estate owned or held by them, and particularly the lots, parcels, and tracts of land referred to on the attached list, such information to disclose the following facts: (a) The true and lawful ownership of said property. (b) Whether it was paid for by one or more of the defendants individually and personally or by the Farmers Bank. (c) How long it has been held either by the Farmers Bank or by one or more of the defendants. (d) For every deed to every tract, parcel, or lot of land owned or held by either of the defendants. (e) For all books, records, transfers, conveyances, receipts, paid checks or drafts, showing how and when said property was purchased, who the purchaser was and who paid the purchase-price. (f) All rent contracts for the years 1928 to 1935, inclusive, for said real estate. Plaintiff calls upon the defendants for the production of all deeds, books, records, paid checks or drafts, and receipts, disclosing all of the information above set forth and respecting all real estate owned and held by the defendants; and for the production of all annual reports and statements of the defendant bank for the past seven years. . . The discovery herein sought is ancillary to other proceedings that will be brought against the defendants for the purpose of determining who is the owner of all of said property, and the number of years it has been held or owned by either of the defendants, for which no returns for taxation have been made, and for the purpose of subjecting said property to the taxes due the State of Georgia for all the years during which no taxes have been paid thereon and which are not barred by the statute of limitation." To the last allegation there was a special demurrer on the ground that it was defective in that it failed to state what

"other proceedings" were referred to to which the discovery is ancillary, etc. The plaintiff amended his petition to meet this demurrer, and while he did not refer specially to the last allegation, he alleged his intention to bring mandamus proceedings against the tax officials to enforce the collection of the taxes. Other amendments were made to meet other grounds of demurrer. As before stated, the court overruled the demurrers.

We are of the opinion that the court erred in overruling the demurrer. While, as shown by the quotation from the Code set out above, petitions for discovery may be maintained, we do not think that the law contemplates a petition for discovery unless it is for aid in some suit to be brought, or in the case in which the discovery is sought; and where it is to be used in a suit pending, or in some other suit to be brought, the nature of the case in which it is to be used should be clearly shown, and also, if the information to be discovered is to be used in a case to be brought, it should appear that the petitioner has a right to maintain such a suit. "Discovery in aid of a suit or defense at law is much favored in equity, and as a general rule where the statutory remedies are insufficient, a bill will lie by either party to an action at law to obtain a discovery of matter material to the claim or defense, notwithstanding the amount in dispute in such suit is less than the amount required to give the court in which the bill is filed jurisdiction of the suit. But like other equitable remedies a bill for discovery will not lie where the legal remedies are adequate. It will not lie to determine matters not necessary or material, or relevant to the issue, or where it would seriously injure the party's business and the chance of benefit to the other party is small. But it is not essential to the maintenance of a bill of discovery purely that the matters sought to be discovered are incapable of proof otherwise. In order that a pure bill of discovery may lie, the suit in aid of which the discovery is sought must be pending or contemplated, and the discovery sought must be incidental to some relief which the court has the right to grant. A bill can not be maintained for discovery in the sense of mere information. In any event the bill will not lie where the discovery would not be available. Where it is clear that the action or defense can not be maintained, a bill for discovery in aid of it can not be maintained, since a discovery could not be material and necessarily would be

useless." 18 C. J. 1058. Again, "The general rule is that a bill for relief and discovery can not be sustained solely for the sake of discovery, and therefore a demurrer good as to the relief is also good as to the discovery, which is incidental to such relief. . . But where a bill is filed to obtain discovery and also relief not cognizable in equity and the discovery fails, the bill should be dismissed, and equity has. no jurisdiction to grant relief on the grounds of discovery where the discovery is a mere pretext. So where a bill for relief and discovery shows that plaintiff is not entitled to relief, and does not show that the evidence sought can not be elicited by interrogatories in an action at law, discovery will not be granted." 18 C. J. 1061, 1062.

The principles stated above are generally recognized; and under those principles a petition for discovery will not lie where the petition is incidental to some other suit, and the party bringing the suit is not entitled to maintain such other suit. For the petition must show a legal cause of action or defense in aid of which the discovery is sought. And while the comptroller-general has broad-powers for the collection of taxes, and while the law imposes upon him the positive duty "to collect all unpaid ad valorem taxes of previous years returnable to the tax receivers." (Code, § 40-1501(3)), and while there are other duties in regard to collection of taxes resting upon him, as expressly set forth in the Code, we know of no statute that authorizes him to bring mandamus against the tax-receiver and tax-collector of a county to make them collect the back taxes. They have their specific duties also pointed out by the Code, but there is no statute authorizing the comptroller-general to bring mandamus against them to make them perform those duties. It may be that an action by the State itself might be brought, but we do not undertake to decide that question now.

The defendant in error relies largely upon the decision in *Coca-Cola Co.* v. *Atlanta,* 152 *Ga.* 558 (110 S. E. 730), and quotes the following therefrom: "The purpose of the petition in this case is to uncover properties alleged to be liable for taxation, in. order that other proceedings may be brought to subject them to the payment of taxes due on them. This petition seeks no recovery of taxes, but is in aid and ancillary to other proceedings to be brought for that purpose. Without this preliminary relief, the other pro-

ceedings can not be brought, and the municipality must fail in its efforts to collect the taxes on these shares. Discovery is a favored jurisdiction of equity, and it will not be denied, where the effect of such denial will be to defeat public justice, unless the plain letter of the law so demands. That the relief prayed for is within the letter of our law, as well as its spirit, we entertain no sort of doubt." But that case differs from this. In that case there was a clear right of the city itself to collect these taxes, and in its petition it indicated clearly proceedings which it was entitled to bring, and showed the absolute necessity for discovery from the defendants in order that the city might know against whom to proceed. The city's right to maintain the proceedings could not be questioned; it was only a question against whom these proceedings could be instituted in order to collect the taxes due the city. We do not think it is necessary for the comptroller-general to bring suit either in equity or at law for the purpose of collecting taxes. The statutes have provided adequate remedies for the collection of ad valorem taxes. But suits for the recovery of taxes as a debt are not recognized. In *State* v. *Western & Atlantic R. Co.,* 136 *Ga.* 619 (71 S. E. 1055), it was said: "It was a rule at common-law that where a statute creates a right and provides a particular remedy for its enforcement, the remedy is generally exclusive of all common-law remedies. When this rule is considered in connection with the genius and spirit of our American institutions, its application to the collection of taxes, where adequate statutory remedy is provided, can not be doubted. A most distinctive feature of the constitution of the United States and of this State is the division of the powers of government into three separate departments,—executive, legislative, and judicial. It was designed and intended that one department should not usurp the ordinary functions of the others, but that all three should act in harmonious relation. So, when the legislature authorizes a tax for governmental purposes and provides an adequate remedy for its collection by administrative officers, the necessary intendment is that the collection of the tax is exclusively confided to that administrative department of the government. And it has been held by this court that when the statute undertakes to provide remedies for the collection of taxes, and those given do not embrace an action at law, a common-law action for the recovery

of taxes as a debt will not lie," citing *DuBignon* v. *Brunswick,* 106 *Ga.* 317 (32 S. E. 102); *State* v. *Southwestern R. Co.,* 70 *Ga.* 11, 33. See *Kirk* v. *Bray,* 181 *Ga.* 814 (184 S. E. 733).

In view of what is said above, the court should have sustained the general demurrer and dismissed the petition.

*Judgment reversed. All the Justices concur.*