BROWN *et al. v.* BISHOP *et al.*

JENKINS, Presiding Justice. 1. The petition, so far as the cutting of timber is concerned, does not pray that the cutting of timber be enjoined, but on the contrary, while seeking an accounting for the timber cut, does not object but consents to its future cutting, provided the proceeds be accounted for. Accordingly, no ruling is invoked or required as to whether the allegations of the petition would otherwise meet the requirements with respect to a prayer for injunction against a trespass by the cutting of timber.

2. In so far as the petition seeks an injunction against the defendants, restraining them from "dispossessing" the plaintiffs of the premises, the only allegation contained in the petition with respect to a threatened dispossession is that the named vendee of the husband of one of the plaintiffs "threatened to dispossess" this plaintiff-wife, followed by a prayer "that a temporary restraining order be granted, restraining and enjoining the defendants from dispossessing [such] plaintiff from said premises until the further order of the court." The only evidence as to any threatened dispossession consists of this sworn allegation of the petition. Since the vague and uncertain language in the sworn allegation is reasonably susceptible to the interpretation that the defendant was threatening to resort to ejectment to obtain possession, and since such procedure would not be subject to repression by the equitable

process of injunction, and since even if it be construed as meaning that the defendants were threatening to dispossess the plaintiffs by recourse to a dispossessory warrant, there is no allegation such as would justify the interposition of equitable relief to restrain such a process, as the plaintiffs do not allege either insolvency or irreparable injury, and do not even allege that they would be unable, on account of poverty, to give the bond required by law in such a proceeding. It is the general rule that even had the allegation as to poverty been made, this mere fact would not of itself afford ground to go into a court of equity for the purpose of restraining a summary remedy (Napier v. Tarner, 149 Ga. 586 (2), 101 S. E. 580); and the petition also fails to conform with the requirements set forth in Gilmore v. Wells, 78 Ga. 197. Especially is it true that the court did not abuse its discretion in denying an interlocutory injunction pending the determination of the cause, where it appears from the petition and from the sworn answer that the question of the plaintiffs' possession and right of possession, as well as their alleged equitable title, are disputed issues. The allegations of the petition that the wife, together with her then minor sons, had entered into a parol agreement with the husband at the time the husband purchased the land for $1350, he then making a $100 cash payment, by which it was understood that, upon payment of the balance of the purchase-price by the wife and the sons, the land was to be a home for and belong to them, and that such agreement was known to the defendants claiming under a deed from the husband, and that the $600 paid on the balance of the purchase-price had been earned and paid by the plaintiffs instead of by the husband with whom she continued to live as husband and wife, as well as the allegations regarding the plaintiffs' possession, are denied by the defendants. Under such circumstances, even if the petition had been otherwise adequate, the judge, sitting at the interlocutory hearing for injunction, could not properly be required to tentatively prejudge the disputed issues in the plaintiffs' favor by granting an interlocutory injunction; and his refusal to do so, in the exercise of his discretion, will not be controlled. See, as bearing to some extent on these questions, Georgia Slate Co. v. Davitte, 79 Ga. 627 (4 S. E. 873); Taylor v. Nix, 185 Ga. 536, 538 (2) (195 S. E. 416).

Judgment affirmed. All the Justices concur.

No. 14836. May 3, 1944.

*Alfred Herrington Jr.,* for plaintiffs.
*Price & Spivey,* for defendants.