HILL *v.* AGNEW.

No. 15222.   JULY 3, 1945.   REHEARING DENIED JULY 23, 1945.

*Jesse M. Sellers,* for plaintiff. *Rosser & Rosser,* for defendant.

WYATT, Justice. Since the demurrer to the answer was not passed upon by the court below, no ruling is here made as to the sufficiency of the answer to set up facts authorizing a reformation of the deed because of a "mutual mistake" in its execution; but the answer, which constitutes a part of the evidence, must be considered along with other evidence in determining whether the court abused its discretion in denying an interlocutory injunction.

The burden of the argument advanced by counsel for the plaintiff in error is that in this case there is an insufficient showing of diligence on the part of the defendant in error; that "a party to a contract who can read must read or show a legal excuse for not doing so, and ordinarily, if fraud is the excuse, there must be such fraud as prevents the party from reading." We recognize the rule that "equity will not reform a written contract because of mistake as to the contents of the writing on the part of the complaining party (who was able to read), and fraud of the other party which consists only in making false representations as to such contents, on which the complaining party relied as true because of confidence in the party making them, no fiduciary or confidential relation existing between the parties, and no sufficient excuse appearing why the complaining party did not read the contract." *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662) ; *Green* v. *Johnson,* 153 *Ga.* 738, 748 (113 S. E. 402). But, as stated in the *Green* case, "We do not think that this principle should be extended to cases in which it is sought to reform written instruments on the ground of mutual mistake of fact. It has been proclaimed and applied

by this court only in cases where parties have sought to be relieved from their contracts, or have undertaken to have instruments reformed, on account of fraud perpetrated by one of the parties on the other. . . In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. . . In such cases negligence of the party complaining will not defeat his right to reformation, if the other party has not been prejudiced thereby. . . In the case at bar the defendant will not be prejudiced by the reformation of this instrument, so as to make it speak the true contract between him and the plaintiff. If he gets what he bought, then he can not be hurt by reforming the instrument, so as to keep him from getting what he did not buy." See also *Steadham* v. *Cobb*, 186 *Ga.* 30, 39 (196 S. E. 730).

In the instant case, reformation is not sought on the ground of mistake and fraud. If any reformation is had on the present pleadings, it must be based on mutual mistake. Therefore cases cited by the plaintiff in error, which deal with the proposition that equity will not reform a written contract on account of fraud, if the fraud consists of false representations as to the contents of the instrument on which the complaining party relied when there was no justification for his doing so, are not in point.

The general rule is that there can be no reformation of a written contract except where there is a mutual mistake, or a mistake on the part of one contracting party and fraud on the part of the other. *Salvage Sales Co.* v. *Aarons*, 181 *Ga.* 133 (181 S. E. 584). As already stated, the case under consideration must rest or fall on a mutual mistake of the contracting parties. The evidence indubitably shows that the contract did not embody the real intent of the parties; but whether there is in this case a showing of mutuality of mistake is a question which gives us no little concern. In all cases where the form of the conveyance is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. Code, § 37-215. In *McCollum* v. *Loveless*, 187 *Ga.* 262, 266 (200 S. E. 115), this court said: "As was stated in the early case of *Wyche* v. *Greene*, 16 *Ga.* 49, quoted approvingly in *Green* v. *Johnson*, 153 *Ga.* 738, 750 (113 S. E. 402), 'In every case under this head of the law,

the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? Is it their agreement? If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true bargain between the parties. And it is wholly immaterial from what cause the defective execution of the intent of the parties originated.'" While we recognize that the cases just cited are not directly in point on the question being dealt with, because the facts were not exactly the same as those in this case, nevertheless they show a disposition on the part of this court, where no rights of third parties have intervened, and no one will be injured or prejudiced by making the contract speak the agreement of the parties, to take the contract and make it speak the true agreement, regardless of the reason for the failure of the written contract to do so. The latitude of this court in reforming contracts because of a mutual mistake is further evidenced by the fact that, as already stated, in this class of cases even the negligence of the complaining party will not necessarily defeat reformation. Of course, before reformation can be had, a mutual mistake should be shown. Ordinarily, an allegation or proof that something was omitted "by mistake" would not be sufficient; but, in order to lay the foundation for aliunde proof, it should be shown how, in what manner, and by whom the mistake was committed. *Dover* v. *Burns,* 186 *Ga.* 19, 27 (2) (196 S. E. 785). We think that the present case, under its peculiar facts, offers an exception to this general rule. We lay down the rule that where, on an interlocutory hearing, the defendant in his answer seeks a reformation of a deed, although there may be insufficient preliminary proof as to the mutuality of mistake, if the indisputable evidence, including the admissions of the party resisting reformation, shows that the instrument does not speak the true agreement of the parties, and there is no conflict as to the real intentions of the parties, and no rights of third parties have intervened, the undisputed proof and admissions that the written instrument does not speak the true agreement between the parties are sufficient to show a mutuality of mistake and to authorize the court to refuse an interlocutory injunction sought by the party resisting reformation, in the absence of other proved facts necessitating an interlocutory injunction to preserve the status of the property in controversy.

No ruling is necessary as to the propriety of admitting evidence of an oral agreement varying the terms of a written contract without the proper foundation having been laid by proof of a mutual mistake. The exception is to a ruling on an interlocutory-injunction hearing—where the strict rules of evidence are not applicable—and the assignment of error calls for no ruling on the admissibility of evidence.

The court did not abuse its discretion in denying an interlocutory injunction. Compare *Georgia Slate Co.* v. *Davitte, 79 Ga.* 627 (4 S. E. 873).

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth and Atkinson, JJ., concur.*