HILL v. AGNEW.

BELL, Justice. This is the second appearance of this case. Hill sued for injunction to restrain Agnew from cutting and removing sawmill timber from land which the plaintiff had purchased from the defendant. The defendant filed an answer, in which he admitted selling the land

to the plaintiff, but alleged that the timber was reserved by express understanding of the parties, which reservation, by accident, mistake, and omission, was not put in the deed, and he prayed that the deed be reformed so as to embody such reservation. The trial judge, after hearing evidence from both sides, refused an interlocutory injunction, which judgment was affirmed by this court in 199 *Ga.* 644 (34 S. E. 2d, 702). Thereafter the defendant amended his answer and the trial judge overruled demurrers to the answer as amended. On the subsequent trial before a jury, after introduction of evidence by both parties, the judge directed a verdict for the defendants, and the plaintiff excepted. *Held:*

1. Under the law as laid down in the former decision as to reformation, the judge did not err in overruling the demurrer to the answer and cross-action as amended; and this is true although the rulings of law as then made by this court did not relate to any ruling of the trial judge as to the sufficiency of the answer, but were made only upon exceptions to the refusal of an interlocutory injunction. *Georgia Ry. & Power Co.* v. *Decatur,* 153 *Ga.* 329 (2, 3) (111 S. E. 911); *Bryant* v. *State,* 197 *Ga.* 641, 645 (30 S. E. 2d, 259).

2. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal." *Shepard* v. *Chappell,* 29 *Ga. App.* 6 (2) (113 S. E. 23). Applying this rule, it appears without dispute from the plaintiff's own testimony that in his agreement with the defendant he bargained for the land without the timber, did not pay for the timber, and was not to have it. The defendant also testified that it was not his intention to sell the timber. In these circumstances, it conclusively appears that the plaintiff was not in position to seek affirmative equitable relief such as injunction, and the court properly directed a verdict for the defendant as to that issue. Code, § 37-104.

3. Under the pleadings and the evidence, however, and especially the testimony of the defendant himself as to his reason or excuse for not inserting a reservation clause in the deed, the verdict in his favor for the affirmative equitable relief of reformation as sought by him was not demanded, and the court therefore erred in directing the jury to find in his favor for such relief. Code, §§ 37-211, 37-212; *Werner* v. *Rawson,* 89 *Ga.* 619 (2) (15 S. E. 813); *Green* v. *Johnson,* 153 *Ga.* 738 (3) (113 S. E. 402); *J. Kuniansky Inc.* v. *Ware,* 192 *Ga.* 488, 491 (4) (15 S. E. 2d, 783).

(a) The ruling just made is not contrary to the former decision, since it did not involve any determination as to whether the defendant was as a matter of law entitled to the relief of reformation, regardless of any issue as to negligence on his part.

4. Under the preceding rulings, the judgment overruling the demurrers to the answer as amended, and the direction of the verdict against the plaintiff as to injunction, will be affirmed, while the direction in favor of the defendant as to reformation will be reversed.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15878. September 6, 1947. Rehearing denied October 17, 1947.

*Jesse M. Sellers,* for plaintiff.

*J. Ralph Rosser* and *James Maddox,* for defendant.