## REARDON *v.* BLAND *et al.*

No. 16978.   MARCH 13, 1950.

*Grayson C. Powell,* for plaintiff.

*Hugh R. Kimbrough,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) ■ It is insisted by counsel for the plaintiff in error that, since the judgments on the demurrers were entered at the interlocutory hearing and before the appearance day of the case, the trial court was without jurisdiction, and that for this reason the judgment should be reversed. This contention is without merit. Prior to the adoption by the General Assembly in 1946 of the new rules of procedure, pleading, and practice (Ga. L. 1946, p. 761), the Code, § 81-1002, provided: "In all cases demurrer, pleas and answer shall be disposed of in the order named, and all demurrers and pleas shall be determined at the first term unless continued by the court or by consent of parties. In equity causes, however, where extraordinary relief is sought, the trial court may hear, pass upon and determine all demurrers in such causes at any interlocutory hearing before the appearance or first term." The last sentence of this section was codified from the act of 1925 (Ga. L. 1925, p. 97). By section 16 of the act of 1946 (Ga. L. 1946, p. 775), this Code section was amended "by striking the last sentence," and as amended this section was made to read as follows: "In all cases demurrer, pleas and answer shall be disposed of in the order named, and all demurrers and pleas shall be determined at the first term, unless previously disposed of in accordance with section 81-1001, or unless continued by the court or by consent of parties." Code (Ann. Supp.), § 81-1002.

By section 15 of this same act (Ga. L. 1946, p. 775), the former Code § 81-1001 was repealed, and there was adopted in lieu thereof another section as follows: "The judge at any time in vacation after the appearance day of a case shall, upon request

of counsel for either party, hear and decide all objections made to the sufficiency of the petition and pleas and may, by order, dismiss plaintiff's petition or strike defendant's plea for non-compliance with the requirements of the law, unless the defect shall be cured by amendment. The court may, on good cause shown, allow a reasonable time in his discretion for making and filing such amendment. Such hearing may be had at any place in the circuit after due notice to attorneys for the parties." Code (Ann. Supp.), § 81-1001.

It would thus seem that, under these Code sections as amended, the trial court is authorized to pass upon demurrers only "after the appearance day of a case", but under the provisions of the 1939 amendment (Ga. L. 1939, p. 78) to the Constitution of 1877 (Code, Ann., § 2-3208), which has been brought forward in the Constitution of 1945 as Code (Ann.) § 2-3908, it is provided: "The superior courts shall sit in each county not less than twice in each year, at such times as have been, or may be appointed by law. The judges of said courts may, on reasonable notice to the parties, at any time, in vacation, at chambers, hear and determine, by interlocutory or final judgment, any matter or issue, where a jury verdict is not required, or may be waived." It will thus be seen that a judge of the superior court "may, on reasonable notice to the parties, at any time, in vacation, at chambers, hear and determine, by interlocutory or final judgment, any matter" where a jury verdict is not required. Certainly no jury verdict is required in passing upon demurrers, and under the broad powers conferred by this constitutional provision, the judges of the superior court are authorized, on reasonable notice to the parties, to hear, determine and enter a final judgment on demurrers in vacation, at chambers, at interlocutory hearings, or "at any time," whether before or after the appearance day of a case.

What is here held is not in conflict with the decisions of this court in *Old Hickory Distilling Co.* v. *Bleyer,* 74 *Ga.* 201; *Murphy* v. *Tallulah Steam Fire Engine Co.,* 72 *Ga.* 196; *Stewart* v. *Stewart,* 89 *Ga.* 138 (1) (15 S. E. 23) ; *Turner* v. *Cates,* 90 *Ga.* 731 (16 S. E. 971) ; *Johnson* v. *Cravey,* 120 *Ga.* 1047 (48 S. E. 424) ; *Hilton & Dodge Lumber Co.* v. *Alwood,* 141 *Ga.* 653 (4) (81 S. E. 1119) ; *Union Investment Co.* v. *Engesser,* 151 *Ga.* 695

(107 S. E. 861)—the cases relied upon by counsel for the plaintiff in error—because those decisions were rendered prior to the adoption of the constitutional amendment above referred to. See, in this connection, *Local Union No.* 3871 v. *Fortner,* 202 *Ga.* 206 (42 S. E. 2d, 734).

■ While the petition alleges that both the deed to secure debt and the notes as executed by the plaintiff to J. C. Bland were fraudulently procured for an excessive amount, according to the plaintiff's own allegations he was indebted to the defendant, J. C. Bland, in the sums of $2750 for the sawmill and other machinery, and $300 for borrowed money; and taking as true, as we must on demurrer, his allegations as to the alleged indebtedness of approximately $2000 owing to him by J. C. Bland, this would leave a balance due by the plaintiff to J. C. Bland of $1050, and there is no allegation in the petition that he has ever paid or offered to pay any part of this indebtedness, and the petition contains no offer to do so. It has been held many times by this court that, before one who has given a deed to secure his debt can have that deed, a sale of the property by the creditor in the exercise of the power of sale conferred by the deed, and the deed executed by the creditor as agent and attorney in fact for the debtor, set aside in equity, and have an injunction to prevent interfering with the debtor's possession of the property conveyed by the deeds, he must pay or tender to the creditor the amount of principal and interest he owes with respect to the subject-matter. Code § 20-906 provides: "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Section 37-104 provides: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." See also *Georgia Baptist Orphans Home* v. *Moon,* 192 *Ga.* 81 (14 S. E. 2d, 590); *Cooper* v. *Peevy,* 185 *Ga.* 805 (196 S. E. 705); *Pass* v. *Pass,* 195 *Ga.* 155, 160 (23 S. E. 2d, 697); *Durham* v. *Crawford,* 196 *Ga.* 381, 389 (26 S. E. 2d, 778).

■ Where a summary proceeding is instituted under Code § 61-301 et seq., to evict a tenant holding over, the tenant has an adequate remedy under the Code by counter-affidavit and

giving bond as provided by the statute. The mere fact that, owing to the tenant's poverty, he is unable to give the bond, affords him no ground to go into a court of equity and enjoin the plaintiff in such proceeding from pursuing his summary remedy. *Napier* v. *Varner,* 149 *Ga.* 586 (101 S. E. 580); *Redwine* v. *Frizzell,* 184 *Ga.* 230 (190 S. E. 789); *Brown* v. *Bishop,* 197 *Ga.* 569 (30 S. E. 2d, 91); *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915); *Flynn* v. *Merck,* 204 *Ga.* 420 (49 S. E. 2d, 892).

■ Applying the foregoing rulings to the allegations of the petition in this case, the trial court did not err in sustaining the demurrers thereto insofar as the petition sought a cancellation of the deeds referred to, and an injunction to prevent the prosecution of the dispossessory warrant and the interference by the defendants with the plaintiff's possession of the premises, and to restrain and enjoin the defendants from selling, encumbering, or otherwise disposing of the property described in the petition.

■ The allegations of the petition as to the alleged indebtedness owing by the defendant, J. C. Bland, to the plaintiff for logs and timber furnished by the plaintiff to General Plywood Corporation, of Savannah, Georgia, and seeking discovery from the defendant, J. C. Bland, as to all assets in his hands belonging to the plaintiff, and an accounting for all money collected by J. C. Bland from General Plywood Corporation for logs and timber furnished by the plaintiff, and a judgment against this defendant for such sums as might be found due by him to the plaintiff, stated a good cause of action for the relief thus sought. Code § 38-1201 provides: "Discovery may be had from the opposite party, either nominal or real, in any case pending in any court." In *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538), it is held: "Discovery may be had from the opposite party in any case, legal as well as equitable, pending in any court. Civil Code (1910), § 4550 [Code, § 38-1201]; *Mackall* v. *West,* 67 *Ga.* 278; Cecil Nat. Bank *v.* Thurber, 59 Fed. 913, 914 (8 C. C. A. 365)." In *Jasper School District* v. *Gormley,* 184 *Ga.* 756, 758 (193 S. E. 248), it is held: "An action for money had and received is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain

it and ex æquo et bono it belongs to another. *Merchants Bank of Macon* v. *Rawls,* 7 *Ga.* 191 (50 Am. D. 394); *Alexander* v. *Coyne,* 143 *Ga.* 696 (85 S. E. 831, L. R. A. 1916D, 1039." See also *Haupt* v. *Horovitz,* 31 *Ga. App.* 203 (120 S. E. 425); *Bank of Oglethorpe* v. *Brooks,* 33 *Ga. App.* 84 (125 S. E. 600).

While we have held in the preceding division of the opinion that the plaintiff was not entitled to all of the relief sought, the trial court erred in sustaining a general demurrer to the petition as a whole, since it did state a cause of action for some of the relief prayed for. *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53); *Davis* v. *Garden Hills Corp.,* 172 *Ga.* 311 (157 S. E. 472); *Roberts* v. *Roberts,* 174 *Ga.* 645 (163 S. E. 735); *Wrenn* v. *Montgomery,* 186 *Ga.* 618 (198 S. E. 700); *Poole* v. *Arnold,* 187 *Ga.* 734, 742 (2 S. E. 2d, 83); *Rivers* v. *Brown,* 200 *Ga.* 49, 51 (36 S. E. 2d, 429); *Board of Education of Paulding County* v. *Gray,* 203 *Ga.* 583, 585 (47 S. E. 2d, 508); *Wellborn* v. *Johnson,* 204 *Ga.* 389, 394 (50 S. E. 2d, 16).

■ The assignment of error complaining of the judgment dissolving the temporary restraining order previously granted presents no question for determination by this court. *Hitchcock* v. *Hamilton,* 184 *Ga.* 700 (192 S. E. 726); *Jones* v. *Graham,* 187 *Ga.* 622 (1 S. E. 2d, 635); *Johnson* v. *L. & P. Gas Co.,* 202 *Ga.* 122 (42 S. E. 2d, 369).

*Judgment affirmed in part and reversed in part. All the Justices concur.*