18546. LUCAS et al. v. NEIDLINGER.

HAWKINS, Justice. 1. "The superior court in equitable proceedings may compel either party to discover facts within his knowledge, beneficial to the other party and material to his case; and this either upon a petition for discovery and relief, or for discovery alone, ancillary to

some other civil proceedings." Code § 38-1101. See also *Coca-Cola Co.* v. *City of Atlanta,* 152 *Ga.* 558 (110 S. E. 730, 23 A. L. R. 1339).

2. "To maintain a petition for discovery, the petition should show that the facts sought to be discovered of the respondents can legitimately be used in a suit pending, or in one which the petitioner intends to bring; and in this last case it must appear further that the petitioner is authorized, under the law, to institute and maintain the contemplated proceeding." *Farmers Bank* v. *Harrison,* 182 *Ga.* 623 (186 S. E. 687).

3. "A bill of discovery will lie in aid of actions for personal torts, and discovery may be had in aid of actions of tort relating to property." 27 C. J. S. 9, § 3.

4. This case comes on writ of error to a judgment overruling a general demurrer; and accordingly the facts of the case must be assumed to be as alleged in the petition. *Fields* v. *Union Central Life Ins. Co.,* 170 *Ga.* 239 (6d) (152 S. E. 237). See also *Collier* v. *Mayflower Apartments,* 196 *Ga.* 419, 425 (26 S. E. 2d 731); *Citizens & Southern Nat. Bank* v. *King,* 184 *Ga.* 238, 247 (190 S. E. 857); *Higdon* v. *Dixon,* 203 *Ga.* 67, 70 (1) (45 S. E. 2d 423).

5. "Beginning with the decision of this court in *McLaren* v. *Steapp,* 1 *Ga.* 376, it has been the general rule that, if the plaintiff is entitled to any relief under the allegations of his petition a general demurrer will not be sustained." *Abernathy* v. *Rylee,* 209 *Ga.* 317, 321 (72 S. E. 2d 300). See also *Babb* v. *McKinnon,* 185 *Ga.* 663, 664 (a) (196 S. E. 488).

6. While "A petition for discovery merely . . . shall not be sustained unless some reason shall be shown why the usual proceeding at law is inadequate" (Code § 38-1302), and "for equity to take jurisdiction on the ground of discovery, it must appear that the discovery is necessary, not merely that it is desirable or may be useful or that the complainant can more satisfactorily prove his case with than without it" (*Georgia Power Co.* v. *Owen,* 207 *Ga.* 178, 181, 60 S. E. 2d 436), and while the fact that discovery is prayed in a bill will not give equity jurisdiction, where equitable discovery is in no way necessary to an assertion of the complainant's rights (*Mackall* v. *West,* 67 *Ga.* 278), and "No party shall be required to discover matters tending to . . . expose him to a penalty or forfeiture, nor to make discovery ·of irrelevant matters, . . . nor matters relating to his own and not the plaintiff's case" (Code § 38-1102)—yet where, as in this case, the plaintiff alleges that "the information and facts sought are necessary, beneficial, and material to the petitioner's suit for damages to be brought against defendants, and are peculiarly within the knowledge of the defendants, and unknown to petitioner," and further that "the petitioner is unable to ascertain or prove such facts and information without resort to the conscience of the defendants, and that the petitioner has no adequate and complete remedy at law," and that the discovery sought is "necessary to plaintiff in order for him to bring his suit against the proper parties or party to recover damages for the injury to his automobile, said suit to be brought upon securing the information herein requested," the petition stated a cause of action and it was not error to overrule the general demurrer.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

SUBMITTED APRIL 12, 1954—DECIDED MAY 10, 1954.

*Aaron Kravitch,* for plaintiffs in error.

*William F. Braziel,* contra.

Earl F. Neidlinger filed, in the Superior Court of Chatham County, Georgia, an equitable action for a writ of discovery, against James E. Lucas and James E. Lucas, Jr. His petition alleges substantially: that defendants are residents of said State and county; that on April 7, 1953, about 3:30 p.m., on Pennsylvania Avenue near Texas Avenue, in Savannah, Chatham County, Georgia, plaintiff was the owner of a described automobile, being driven by Mrs. Hazel Neidlinger north on the east side of Pennsylvania Avenue; and when plaintiff's vehicle neared the intersection of Pennsylvania and Texas Avenues, Mrs. Neidlinger saw another described automobile, driven by James E. Lucas, Jr., coming toward her, which kept edging over to her side of the road, and she slowed down and was completely stopped on her side of the road when plaintiff's vehicle was struck by defendant's automobile; that the defendant Lucas, Jr., is a minor and is the son of the defendant Lucas, Sr.; that plaintiff brings this action for discovery of and from the defendants of full information and knowledge concerning the described automobile driven by defendant Lucas, Jr., as follows: (a) the true and lawful ownership of said property; (b) whether it was paid for by one or more of defendants individually and personally, or by someone else; (c) how long it has been owned by either or both of defendants and when they purchased it; (d) from whom it was purchased; (e) if anything is owing on it at present and, if so, to whom and how much; (f) other pertinent information relative to the ownership of said vehicle; (g) where defendant Lucas, Jr., had been and where was he going at the time of the accident; and (h) other pertinent information relative to said trip.

It was further alleged that the discovery sought is relevant, material, and necessary to plaintiff in order for him to bring his suit against the proper parties or party to recover damages for

the injury to his automobile, said suit to be brought upon securing the information herein requested; that this proceeding is ancillary to the suit for damages to be brought by plaintiff against defendants; that the information and facts sought are necessary, beneficial, and material to plaintiff's suit for damages to be brought against defendants, and are peculiarly within the knowledge of defendants, and unknown to plaintiff; that plaintiff is unable to ascertain or prove such facts and information without resort to the conscience of defendants; and that plaintiff has no adequate and complete remedy at law.

The prayers of the petition were that discovery be granted; that the defendants be required to discover the information requested in the petition, and for rule nisi.

A general demurrer was filed to the petition, on the grounds that it fails to set forth any cause of action, that an adequate and complete remedy at law is available to the plaintiff, that the defendants are not required to expose themselves to a penalty or forfeiture, nor to disclose matters relating to their own case, and that the plaintiff has not shown that discovery is necessary. The exception is to the overruling of this demurrer.